UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-20215-CR-SCOLA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : |
| Plaintiff, | : |
| v. | : |
| **SAMER H. BARRAGE,** | : |
| Defendant. | : |

## DETENTION ORDER - RISK OF FLIGHT

On April 3, 2017, a hearing was held pursuant to 18 U.S.C. §3142(f) to determine whether defendant, **SAMER H. BARRAGE**, should be detained prior to trial. Having considered the evidence presented at the pre-trial detention hearing, the Pretrial Services Report, and the factors enumerated in 18 U.S.C. §3142(g), this Court finds that no condition, or combination of conditions, will reasonably assure the appearance of the defendant at future court hearings were the defendant to be released on bond. See 18 U.S.C. § 3142(e)(f). Therefore, it is hereby ordered that the defendant, **SAMER H. BARRAGE,** be detained prior to trial and until the conclusion thereof.

In accordance with the provisions of 18 U.S.C. §3142(i)(1), the Court hereby makes the following findings of fact and statement of reasons for the detention:

1. The defendant is charged by Indictment, and previously by criminal complaint, in the Southern District of Florida, with conspiracy to commit money laundering,

in violation of Title 18, United States Code, Section 1956(h).  Therefore, the defendant is charged with an offense for which a maximum sentence of more than ten (10) years is prescribed, resulting in a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant at future court hearings were the defendant to be released on bond.  Title 18, United States Code, Section 3142(e) and (f).

2.      The government proffered evidence that from on or about January 2013 and continuing through on or about March 2017, defendant BARRAGE participated in a multi-year conspiracy to promote illegal gold mining, gold smuggling and false statements to enter goods into the United States and foreign bribery during, and in connection with, his employment as a Vice President and salesman with NTR Metals, a precious metals refinery.  The conspiracy involved defendant BARRAGE's efforts to purchase billions of dollars in illegally mined and smuggled Peruvian gold from South America and the Caribbean.  Through the time of the conspiracy, illegal gold mining, gold smuggling and gold money laundering were well-known problems in Peru and elsewhere in South America.  Defendant BARRAGE and his conspirators conspired to increase their profits by knowingly purchasing gold through and with foreign shell companies, smuggling routes, false statements to U.S. Customs authorities, foreign bribery and from individuals known to be conspirators involved in illegal gold mining and narcotics trafficking. The scope of the conspiracy is vast.  NTR imported over $3.6 billion dollars' worth of gold from Latin America from 2012 through 2015, all of which was organized by defendant BARRAGE and his co-conspirators.  The evidence against defendant BARRAGE is impressive.  In numerous

WhatsApp group chats, defendant BARRAGE discusses with his co-defendants smuggling Peruvian gold through a variety of countries, purchasing illegal gold and/or avoiding phone calls with co-conspirators to prevent interception by law enforcement.  In addition, at least two confidential sources have given statements that they conspired with defendant BARRAGE and his co-defendants to purchase illegal or smuggled gold and to bribe foreign officials.  In the early morning hours of March 20, 2017, defendant BARRAGE fled to Colombia, knowing his arrest was imminent.  Days earlier, on March 15, 2017, defendant BARRAGE's co-defendant, Juan P. Granda, was arrested on a lengthy criminal complaint which identified defendant BARRAGE as co-conspirator "Salesman 1."  In the following days, defendant BARRAGE began speaking with legal counsel who had some contact with the government.  At or around 10:00 p.m. on Sunday, March 19, 2017 (the night before co-defendant Juan P. Granda's pretrial detention hearing), defendant BARRAGE purchased a ticket for a 3:00 a.m. flight to Colombia and boarded the flight several hours later.  The ticket included a return flight for Friday.  Although defendant BARRAGE had previously traveled to Colombia at least 45 times in connection with his work at an NTR office in Colombia, he had never before traveled at 3:00 a.m.  Only twice did he travel before 9:00 a.m., once around 7:00 a.m. and once around 8:00 a.m.  On March 21, 2017, defendant BARRAGE and his remaining co-defendant, Renato J. Rodriguez, were charged by criminal complaint and efforts were commenced to effect defendant BARRAGE's arrest in Colombia. On Wednesday, March 22, 2017, defendant BARRAGE's counsel was retained and contacted the government to arrange for his surrender to the Colombian authorities. Defendant BARRAGE did not surrender to the authorities, but was arrested in Colombia

attempting to return to the United States on his own at the Cali airport on Thursday, March 23, 2017.

3. The pertinent history and characteristics of the defendant, set forth in the pretrial services report, are incorporated herein by reference. The defendant is 39 years old and was born in London, England. Defendant BARRAGE entered the United States in 1995 and became a naturalized United States citizen in 2011. Since 2012, defendant BARRAGE has resided at his residence in South Miami, Florida with his wife and two children. Defendant has resided in the South Florida area since 1990. Prior to South Florida, he resided in the country of Georgia and the United Kingdom. Defendant's father resides in Lebanon and he is a financial advisor. His mother resides in the country of Georgia and she is retired. Defendant has one brother who resides in Washington, DC. Defendant and his wife have been married since 2010. One minor child, age four, was born to this union. Defendant has a 14-year old son from a previous marriage who resides with defendant and his wife. Defendant BARRAGE has substantial assets in and out of the United States. Defendant received more than $2 million in payments from NTR and is known to have business in assets in Colombia, as well as houses in Nicaragua and Spain. Defendant is a frequent traveler to Latin America and has family and business contacts in those countries. Defendant BARRAGE is a dual United Kingdom citizen and his wife is a dual Nicaraguan citizen.

4. Although defendant BARRAGE has family ties in this community, because of the nature and seriousness of the offense, the amount of time he is potentially facing,

and his ease of international travel and monetary means, the undersigned believes that defendant BARRAGE would not appear if released on bond. The Court specifically finds, by a preponderance of the evidence, that there are no conditions, or combination of conditions, which will reasonably assure defendant BARRAGE's appearance as required.

    The Court hereby directs:

(a)     that the Defendant be detained without bond;

(b)     that the defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practical, from persons awaiting or serving sentences or being held in custody pending appeal;

(c)     that the defendant be afforded reasonable opportunity for private consultation with counsel; and

(d)     that, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

    DONE AND ORDERED at Miami, Florida, this 17th day of April, 2017.

                                           PATRICK A. WHITE
                                           UNITED STATES MAGISTRATE JUDGE

Copies provided to:
United States Attorney's Office
Jared M. Lopez, Esq.
Marcos Beaton, Jr., Esq.
United States Pretrial Services