# Exhibit 11

## 12. UNITED NATIONS CONVENTION AGAINST TRANSNATIONAL ORGANIZED CRIME

### New York, 15 November 2000

| | |
|---|---|
| **ENTRY INTO FORCE** | 29 September 2003, in accordance with article 38. |
| **REGISTRATION:** | 29 September 2003, No. 39574. |
| **STATUS:** | Signatories: 147. Parties: 187. |
| **TEXT:** | Doc.          /doc/source/docs/A_55_383-E.pdf      ;    depositary    notifications C.N.488.2004.TREATIES-10 of 18 May 2004 [Russian Federation: proposed correction to   the   original   of   the   Convention   (authentic   Russian   text)]   and C.N.619.2004.TREATIES-23 of 21 June 2004 [Russian Federation: Rectification of the original of the Convention (Russian authentic text) and transmission of the relevant procès-verbal]. United Nations, Treaty Series , vol. 2225, p. 209. |

*Note:* The Convention was adopted by resolution  /doc/source/docs/A_RES_55_25-E.pdf  of 15 November 2000 at the fifty-fifth session of the General Assembly of the United Nations.  In accordance with its article 36, the Convention will be open for signature by all States and by regional economic integration organizations, provided that at least one Member State of such organization has signed the Convention, from 12 to 15 December 2000 at the Palazzi di Giustizia in Palermo, Italy, and thereafter at United Nations Headquarters in New York until 12 December 2002.

| Participant | Signature | | Ratification, Acceptance(A), Approval(AA), Accession(a), Succession(d) | | Participant | Signature | | Ratification, Acceptance(A), Approval(AA), Accession(a), Succession(d) | |
|---|---|---|---|---|---|---|---|---|---|
| Afghanistan | 14 Dec | 2000 | 24 Sep | 2003 | Burkina Faso | 15 Dec | 2000 | 15 May | 2002 |
| Albania | 12 Dec | 2000 | 21 Aug | 2002 | Burundi | 14 Dec | 2000 | 24 May | 2012 |
| Algeria | 12 Dec | 2000 | 7 Oct | 2002 | Cabo Verde | 13 Dec | 2000 | 15 Jul | 2004 |
| Andorra | 11 Nov | 2001 | 22 Sep | 2011 | Cambodia | 11 Nov | 2001 | 12 Dec | 2005 |
| Angola | 13 Dec | 2000 | 1 Apr | 2013 | Cameroon | 13 Dec | 2000 | 6 Feb | 2006 |
| Antigua and Barbuda | 26 Sep | 2001 | 24 Jul | 2002 | Canada | 14 Dec | 2000 | 13 May | 2002 |
| Argentina[1] | 12 Dec | 2000 | 19 Nov | 2002 | Central African Republic | | | 14 Sep | 2004 a |
| Armenia | 15 Nov | 2001 | 1 Jul | 2003 | Chad | | | 18 Aug | 2009 a |
| Australia | 13 Dec | 2000 | 27 May | 2004 | Chile | 13 Dec | 2000 | 29 Nov | 2004 |
| Austria | 12 Dec | 2000 | 23 Sep | 2004 | China[2] | 12 Dec | 2000 | 23 Sep | 2003 |
| Azerbaijan | 12 Dec | 2000 | 30 Oct | 2003 | Colombia | 12 Dec | 2000 | 4 Aug | 2004 |
| Bahamas | 9 Apr | 2001 | 26 Sep | 2008 | Comoros | | | 25 Sep | 2003 a |
| Bahrain | | | 7 Jun | 2004 a | Congo | 14 Dec | 2000 | | |
| Bangladesh | | | 13 Jul | 2011 a | Cook Islands | | | 4 Mar | 2004 a |
| Barbados | 26 Sep | 2001 | 11 Nov | 2014 | Costa Rica | 16 Mar | 2001 | 24 Jul | 2003 |
| Belarus | 14 Dec | 2000 | 25 Jun | 2003 | Côte d'Ivoire | 15 Dec | 2000 | 25 Oct | 2012 |
| Belgium | 12 Dec | 2000 | 11 Aug | 2004 | Croatia | 12 Dec | 2000 | 24 Jan | 2003 |
| Belize | | | 26 Sep | 2003 a | Cuba | 13 Dec | 2000 | 9 Feb | 2007 |
| Benin | 13 Dec | 2000 | 30 Aug | 2004 | Cyprus | 12 Dec | 2000 | 22 Apr | 2003 |
| Bolivia (Plurinational State of) | 12 Dec | 2000 | 10 Oct | 2005 | Czech Republic | 12 Dec | 2000 | 24 Sep | 2013 |
| Bosnia and Herzegovina | 12 Dec | 2000 | 24 Apr | 2002 | Democratic People's Republic of Korea | | | 17 Jun | 2016 a |
| Botswana | 10 Apr | 2002 | 29 Aug | 2002 | Democratic Republic of the Congo | | | 28 Oct | 2005 a |
| Brazil | 12 Dec | 2000 | 29 Jan | 2004 | Denmark[3] | 12 Dec | 2000 | 30 Sep | 2003 |
| Brunei Darussalam | | | 25 Mar | 2008 a | Djibouti | | | 20 Apr | 2005 a |
| Bulgaria | 13 Dec | 2000 | 5 Dec | 2001 | | | | | |

| Participant | Signature | | Ratification, Acceptance(A), Approval(AA), Accession(a), Succession(d) | |
|---|---|---|---|---|
| Dominica | | | 17 May | 2013 a |
| Dominican Republic | 13 Dec | 2000 | 26 Oct | 2006 |
| Ecuador | 13 Dec | 2000 | 17 Sep | 2002 |
| Egypt | 13 Dec | 2000 | 5 Mar | 2004 |
| El Salvador | 14 Dec | 2000 | 18 Mar | 2004 |
| Equatorial Guinea | 14 Dec | 2000 | 7 Feb | 2003 |
| Eritrea | | | 25 Sep | 2014 a |
| Estonia | 14 Dec | 2000 | 10 Feb | 2003 |
| Ethiopia | 14 Dec | 2000 | 23 Jul | 2007 |
| European Union | 12 Dec | 2000 | 21 May | 2004 AA |
| Finland | 12 Dec | 2000 | 10 Feb | 2004 |
| France | 12 Dec | 2000 | 29 Oct | 2002 |
| Gabon | | | 15 Dec | 2004 a |
| Gambia | 14 Dec | 2000 | 5 May | 2003 |
| Georgia | 13 Dec | 2000 | 5 Sep | 2006 |
| Germany | 12 Dec | 2000 | 14 Jun | 2006 |
| Ghana | | | 21 Aug | 2012 a |
| Greece | 13 Dec | 2000 | 11 Jan | 2011 |
| Grenada | | | 21 May | 2004 a |
| Guatemala | 12 Dec | 2000 | 25 Sep | 2003 |
| Guinea | | | 9 Nov | 2004 a |
| Guinea-Bissau | 14 Dec | 2000 | 10 Sep | 2007 |
| Guyana | | | 14 Sep | 2004 a |
| Haiti | 13 Dec | 2000 | 19 Apr | 2011 |
| Holy See | | | 25 Jan | 2012 a |
| Honduras | 14 Dec | 2000 | 2 Dec | 2003 |
| Hungary | 14 Dec | 2000 | 22 Dec | 2006 |
| Iceland | 13 Dec | 2000 | 13 May | 2010 |
| India | 12 Dec | 2002 | 5 May | 2011 |
| Indonesia | 12 Dec | 2000 | 20 Apr | 2009 |
| Iran (Islamic Republic of) | 12 Dec | 2000 | | |
| Iraq | | | 17 Mar | 2008 a |
| Ireland | 13 Dec | 2000 | 17 Jun | 2010 |
| Israel | 13 Dec | 2000 | 27 Dec | 2006 |
| Italy | 12 Dec | 2000 | 2 Aug | 2006 |
| Jamaica | 26 Sep | 2001 | 29 Sep | 2003 |
| Japan | 12 Dec | 2000 | | |
| Jordan | 26 Nov | 2002 | 22 May | 2009 |
| Kazakhstan | 13 Dec | 2000 | 31 Jul | 2008 |
| Kenya | | | 16 Jun | 2004 a |
| Kiribati | | | 15 Sep | 2005 a |
| Kuwait | 12 Dec | 2000 | 12 May | 2006 |

| Participant | Signature | | Ratification, Acceptance(A), Approval(AA), Accession(a), Succession(d) | |
|---|---|---|---|---|
| Kyrgyzstan | 13 Dec | 2000 | 2 Oct | 2003 |
| Lao People's Democratic Republic | | | 26 Sep | 2003 a |
| Latvia | 13 Dec | 2000 | 7 Dec | 2001 |
| Lebanon | 18 Dec | 2001 | 5 Oct | 2005 |
| Lesotho | 14 Dec | 2000 | 24 Sep | 2003 |
| Liberia | | | 22 Sep | 2004 a |
| Libya | 13 Nov | 2001 | 18 Jun | 2004 |
| Liechtenstein | 12 Dec | 2000 | 20 Feb | 2008 |
| Lithuania | 13 Dec | 2000 | 9 May | 2002 |
| Luxembourg | 13 Dec | 2000 | 12 May | 2008 |
| Madagascar | 14 Dec | 2000 | 15 Sep | 2005 |
| Malawi | 13 Dec | 2000 | 17 Mar | 2005 |
| Malaysia | 26 Sep | 2002 | 24 Sep | 2004 |
| Maldives | | | 4 Feb | 2013 a |
| Mali | 15 Dec | 2000 | 12 Apr | 2002 |
| Malta | 14 Dec | 2000 | 24 Sep | 2003 |
| Marshall Islands | | | 15 Jun | 2011 a |
| Mauritania | | | 22 Jul | 2005 a |
| Mauritius | 12 Dec | 2000 | 21 Apr | 2003 |
| Mexico | 13 Dec | 2000 | 4 Mar | 2003 |
| Micronesia (Federated States of) | | | 24 May | 2004 a |
| Monaco | 13 Dec | 2000 | 5 Jun | 2001 |
| Mongolia | | | 27 Jun | 2008 a |
| Montenegro[4] | | | 23 Oct | 2006 d |
| Morocco | 13 Dec | 2000 | 19 Sep | 2002 |
| Mozambique | 15 Dec | 2000 | 20 Sep | 2006 |
| Myanmar | | | 30 Mar | 2004 a |
| Namibia | 13 Dec | 2000 | 16 Aug | 2002 |
| Nauru | 12 Nov | 2001 | 12 Jul | 2012 |
| Nepal | 12 Dec | 2002 | 23 Dec | 2011 |
| Netherlands[5] | 12 Dec | 2000 | 26 May | 2004 |
| New Zealand[6] | 14 Dec | 2000 | 19 Jul | 2002 |
| Nicaragua | 14 Dec | 2000 | 9 Sep | 2002 |
| Niger | 21 Aug | 2001 | 30 Sep | 2004 |
| Nigeria | 13 Dec | 2000 | 28 Jun | 2001 |
| Niue | | | 16 Jul | 2012 a |
| Norway | 13 Dec | 2000 | 23 Sep | 2003 |
| Oman | | | 13 May | 2005 a |
| Pakistan | 14 Dec | 2000 | 13 Jan | 2010 |
| Panama | 13 Dec | 2000 | 18 Aug | 2004 |

| Participant | Signature | | Ratification, Acceptance(A), Approval(AA), Accession(a), Succession(d) | |
|---|---|---|---|---|
| Paraguay | 12 Dec | 2000 | 22 Sep | 2004 |
| Peru | 14 Dec | 2000 | 23 Jan | 2002 |
| Philippines | 14 Dec | 2000 | 28 May | 2002 |
| Poland | 12 Dec | 2000 | 12 Nov | 2001 |
| Portugal | 12 Dec | 2000 | 10 May | 2004 |
| Qatar | | | 10 Mar | 2008 a |
| Republic of Korea | 13 Dec | 2000 | 5 Nov | 2015 |
| Republic of Moldova | 14 Dec | 2000 | 16 Sep | 2005 |
| Romania | 14 Dec | 2000 | 4 Dec | 2002 |
| Russian Federation | 12 Dec | 2000 | 26 May | 2004 |
| Rwanda | 14 Dec | 2000 | 26 Sep | 2003 |
| Samoa | | | 17 Dec | 2014 a |
| San Marino | 14 Dec | 2000 | 20 Jul | 2010 |
| Sao Tome and Principe | | | 12 Apr | 2006 a |
| Saudi Arabia | 12 Dec | 2000 | 18 Jan | 2005 |
| Senegal | 13 Dec | 2000 | 27 Oct | 2003 |
| Serbia | 12 Dec | 2000 | 6 Sep | 2001 |
| Seychelles | 12 Dec | 2000 | 22 Apr | 2003 |
| Sierra Leone | 27 Nov | 2001 | 12 Aug | 2014 |
| Singapore | 13 Dec | 2000 | 28 Aug | 2007 |
| Slovakia | 14 Dec | 2000 | 3 Dec | 2003 |
| Slovenia | 12 Dec | 2000 | 21 May | 2004 |
| South Africa | 14 Dec | 2000 | 20 Feb | 2004 |
| Spain[7] | 13 Dec | 2000 | 1 Mar | 2002 |
| Sri Lanka | 13 Dec | 2000 | 22 Sep | 2006 |
| St. Kitts and Nevis | 20 Nov | 2001 | 21 May | 2004 |
| St. Lucia | 26 Sep | 2001 | 16 Jul | 2013 |
| St. Vincent and the Grenadines | 24 Jul | 2002 | 29 Oct | 2010 |
| State of Palestine | | | 2 Jan | 2015 a |
| Sudan | 15 Dec | 2000 | 10 Dec | 2004 |
| Suriname | | | 25 May | 2007 a |
| Swaziland | 14 Dec | 2000 | 24 Sep | 2012 |

| Participant | Signature | | Ratification, Acceptance(A), Approval(AA), Accession(a), Succession(d) | |
|---|---|---|---|---|
| Sweden | 12 Dec | 2000 | 30 Apr | 2004 |
| Switzerland | 12 Dec | 2000 | 27 Oct | 2006 |
| Syrian Arab Republic | 13 Dec | 2000 | 8 Apr | 2009 |
| Tajikistan | 12 Dec | 2000 | 8 Jul | 2002 |
| Thailand | 13 Dec | 2000 | 17 Oct | 2013 |
| The former Yugoslav Republic of Macedonia | 12 Dec | 2000 | 12 Jan | 2005 |
| Timor-Leste | | | 9 Nov | 2009 a |
| Togo | 12 Dec | 2000 | 2 Jul | 2004 |
| Tonga | | | 3 Oct | 2014 a |
| Trinidad and Tobago | 26 Sep | 2001 | 6 Nov | 2007 |
| Tunisia | 13 Dec | 2000 | 19 Jun | 2003 |
| Turkey | 13 Dec | 2000 | 25 Mar | 2003 |
| Turkmenistan | | | 28 Mar | 2005 a |
| Uganda | 12 Dec | 2000 | 9 Mar | 2005 |
| Ukraine[8] | 12 Dec | 2000 | 21 May | 2004 |
| United Arab Emirates | 9 Dec | 2002 | 7 May | 2007 |
| United Kingdom of Great Britain and Northern Ireland[7,9] | 14 Dec | 2000 | 9 Feb | 2006 |
| United Republic of Tanzania | 13 Dec | 2000 | 24 May | 2006 |
| United States of America | 13 Dec | 2000 | 3 Nov | 2005 |
| Uruguay | 13 Dec | 2000 | 4 Mar | 2005 |
| Uzbekistan | 13 Dec | 2000 | 9 Dec | 2003 |
| Vanuatu | | | 4 Jan | 2006 a |
| Venezuela (Bolivarian Republic of) | 14 Dec | 2000 | 13 May | 2002 |
| Viet Nam | 13 Dec | 2000 | 8 Jun | 2012 |
| Yemen | 15 Dec | 2000 | 8 Feb | 2010 |
| Zambia | | | 24 Apr | 2005 a |
| Zimbabwe | 12 Dec | 2000 | 12 Dec | 2007 |

## Declarations and Reservations
### (Unless otherwise indicated, the declarations and reservations were made upon ratification, acceptance, approval or accession.)

### ALGERIA

The Government of the People's Democratic Republic of Algeria does not consider itself bound by the provisions of article 35, paragraph 2, of this Convention, which provide that any dispute between two or more States concerning the interpretation or application of this Convention that has not been settled by negotiation shall be submitted to arbitration or to the International Court of Justice at the request of any of the parties thereto.

The Government of the People's Democratic Republic of Algeria considers that no dispute of such nature must be submitted to arbitration or to the International Court of Justice without the consent of all the parties to the dispute.

The ratification of this Convention by the People's Democratic Republic of Algeria does not in any way signify recognition of Israel.

The present ratification does not entail the establishment of relations of any kind with Israel.

### ANDORRA

"In accordance with paragraph 3 of Article 35 of the United Nations Convention against Transnational Organized Crime, adopted in New York on 15 November 2000, the Principality of Andorra declares that it does not consider itself bound by the obligation described in paragraph 2 of Article 35, in the sense that in order to submit a controversy before the International Court of Justice it is necessary the consent of all parties involved."

### AZERBAIJAN

"The Republic of Azerbaijan declares that it is unable to guarantee the application of the provisions of the Convention in the territories occupied by the Republic of Armenia until these territories are liberated from that occupation."

"In accordance with paragraph 3 of Article 35 of the Convention, the Republic of Azerbaijan declares that it does not consider itself bound by the provision of paragraph 2 of Article 35."

### BAHAMAS

"In accordance with Article 35 paragraph 3, the Commonwealth of The Bahamas enters a specific reservation to the procedure established under Article 35 paragraph 2 of the Convention on the basis that referral of a dispute concerning the application or interpretation of the provisions of the Convention to arbitration or to the International Court of Justice must be by consent of all the parties to the dispute."

### BAHRAIN

"... the Kingdom of Bahrain does not consider itself bound by paragraph 2 of article 35 of the Convention."

### BANGLADESH

"In accordance with the provision in paragraph 3 of Article 35 of the Convention, the People's Republic of Bangladesh does not consider itself bound by paragraph 2 of the said Article."

### BELARUS

"The Republic of Belarus understands the implementation of the provisions of Article 10 of the Convention to the degree that will not contradict its national legislation."

### BELGIUM

*Declaration:*
The French, Flemish and German-speaking Communities and the Regions of Wallonia, Flanders and Brussels-Capital are also bound by this signature.

### BELIZE

"The Government of Belize does not consider itself bound by the provisions of article 35, paragraph 2, of this Convention, which provide that any dispute between two or more States concerning the interpretation or application of this Convention that has not been settled by negotiation shall be submitted to arbitration or to the International Court of Justice at the request of any of the parties thereto."

### BOLIVIA (PLURINATIONAL STATE OF)

With respect to the definitions and characterizations set out in Articles 5, 6, 8 and 23 of the Convention, the Republic of Bolivia declares that it will first apply its national legislation in force and, secondly, the provisions of the present Convention.

The Republic of Bolivia declares that it does not consider itself bound by the provisions of paragraph 2 of Article 35, which deals with the settlement of disputes concerning this Convention.

### CHINA

The People's Republic of China makes a reservation with regard to Article 35, paragraph 2 of the Convention and is not bound by the provisions of Article 35, paragraph 2.

### COLOMBIA

In accordance with article 35, paragraph 3, of the Convention, Colombia declares that it does not consider itself bound by paragraph 2 of that article.

### DEMOCRATIC PEOPLE'S REPUBLIC OF KOREA

1.   In accordance with paragraph 3 of Article 35 of the Convention, the Government of the Democratic People's Republic of Korea declares that it does not consider itself bound by paragraph 2 of Article 35.2.

With regard to Article 10 of the Convention, the Government of the Democratic People's Republic of Korea declares that it does not consider itself bound, in part of Article 10, since the liability of legal person is not established in DPRK Criminal Law.&lt;title&gt;Reservations: &lt;/title&gt;

### ECUADOR

With regard to article 10 of the United Nations Convention against Transnational Organized Crime, the Government of Ecuador points out that the concept of criminal liability of legal persons is not at the moment embodied in Ecuadorian legislation. When legislation progresses in this area, this reservation will be withdrawn.

Exercising the powers referred to in article 35, paragraph 3, of the Convention, the Government of Ecuador makes a reservation with regard to article 35, paragraph 2, relating to the settlement of disputes.

### EGYPT

*Declaration:*
The Arab Republic of Egypt declares that it does not consider itself bound by article 35, paragraph 2, thereof.

### EL SALVADOR

With regard to article 35, paragraph 3, of the said Convention, the Government of the Republic of El Salvador does not consider itself bound by paragraph 2 of the said article because it does not recognize the compulsory jurisdiction of the International Court of Justice.

### ERITREA

"In accordance to paragraph 3 of Article 35 of this Convention, the State of Eritrea does not consider itself bound by paragraph 2 of Article 35 which stipulates that all disputes concerning the interpretation or application of the Convention shall be referred to the International Court of Justice by one of the parties."

### EUROPEAN UNION

"Article 36 (3) of the United Nations Convention against transnational organised crime provides that the

instrument of ratification, acceptance or approval of a regional economic integration organisation shall contain a declaration on the extent of its competence.

The Community points out that it has competence with regard to progressively establishing the internal market, comprising an area without internal frontiers in which the free movement of goods and services is ensured in accordance with the provisions of the Treaty establishing the European Community. For this purpose, the Community has adopted measures to combat money laundering. They do, however, at present not include measures concerning cooperation between Financial Intelligence Units, detection and monitoring the movement of cash across the borders between the Member States or cooperation among judicial and law enforcement authorities. The Community also has adopted measures to ensure transparency and the equal access of all candidates for the public contracts and services markets which contributes to preventing corruption. Where the Community has adopted measures, it is for the Community alone to enter into external undertakings with third States or competent international organisations which affect those measures or alter their scope. This competence relates to Articles 7, 9 and 31 (2)(c) of the Convention. Moreover, Community policy in the sphere of development cooperation complements policies pursued by Member States and includes provisions to combat corruption. This competency relates to Article 30 of the Convention. Moreover, the Community considers itself bound by other provisions of the Convention to the extent that they are related to the application of Articles 7, 9. 30 and 31 (2)(c). in particular the articles concerning its purpose and definitions and its final provisions.

The scope and the exercise of Community competence are, by their nature, subject to continuous development and the Community will complete or amend this declaration, if necessary, in accordance with Article 36 of the Convention.

2) The United Nations Convention against transnational organised crime shall apply, with regard to the competence of the Community, to the territories in which the Treaty establishing the European Community is applied and under the conditions laid down in that Treaty, in particular Article 299 thereof.

Pursuant to Article 299, this declaration is not applicable to the territories of the Member States in which the said Treaty does not apply and is without prejudice to such acts or positions as may be adopted under the Convention by the Member States concerned on behalf of and in the interests of those territories."

"With respect to Article 35, paragraph 2, the Community points out that, according to Article 34, paragraph 1, of the Statute of the International Court of Justice, only States may be parties before that Court. Therefore, under Article 35, paragraph 2, of the Convention, in disputes involving the community only dispute settlement by way of arbitration will be available."

### GREECE

"Article 16 of the Convention is ratified in its entirety, without prejudice to Article 5 of the Constitution and Article 438 of the Code of Criminal Procedure.

Article 18 of the Convention is ratified without prejudice to Article 458(3) of the Code of Criminal Procedure and the provisions of Law 2472/1997 (Government Gazette 50A) "Protection of Individuals with regard to the Processing of Personal Data", as currently in force.

The Greek State makes use of Article 35(3) and declares that it is not bound by para. 2 of this article."

### HOLY SEE

"Pursuant to article 35.3 of the Convention, the Holy See, acting also in the name and on behalf of Vatican City State, declares that it does not consider itself bound by article 35.2 of the Convention. The Holy See, acting also in the name and on behalf of Vatican City State, specifically reserves the right to agree in a particular case, on an ad hoc basis, to any convenient means to settle any dispute arising out of this Convention."

"By acceding to the United Nations Convention against Transnational Organized Crime, the Holy See, acting also in the name and on behalf of Vatican City State, intends to contribute and to give its moral support to the global prevention, repression and prosecution of transnational organized crime and to the protection of victims of such crimes.

In conformity with its own nature, its mission, and the particular character of Vatican City State, the Holy See upholds the values of brotherhood, justice and peace between persons and peoples, whose protection and strengthening require the primacy of the rule of law and respect for human rights, and it reaffirms that instruments of criminal and judicial cooperation constitute effective safeguards in the face of criminal activities that jeopardize human dignity and peace.

In respect to article 10 of the Convention, the Holy See notes that, due to the particular nature of the Holy See and of Vatican City State, the concept of criminal liability of legal persons is not embodied in their domestic legal principles.

The Holy See declares that articles 16.14 and 18.21 of the Convention shall be interpreted in light of its legal doctrine and the sources of its law (Vatican City State Law LXXI, of 1 October 2008)."

### INDIA

"(i)   The Government of India does not consider itself bound by the provisions of the Convention and its Protocols relating to submission of disputes for arbitration or to the International Court of Justice.

(ii)   In pursuance of Article 16, paragraph 5(a) of the Convention, the Government of India shall apply the Convention as the legal basis for cooperation on extradition with other States Parties to the Convention.

(iii)  The Government of the Republic of India declares, with respect to Article 18 of the Convention, that international cooperation for mutual legal assistance shall be afforded through applicable bilateral Agreements, and where the mutual legal assistance sought is not covered by a bilateral agreement with the requesting State, it shall on reciprocal basis, be provided under the provisions of the Convention.

(iv)  In pursuance of Article 18, paragraph 13 of the Convention, the designated Central Authority would be the Secretary, Ministry of Home Affairs, Government of India.

(v)   The Government of India declares that acceptable languages for the purpose of the Convention and its Protocols shall be English and/or Hindi."

### INDONESIA

" … the Government of the Republic of Indonesia conveys her reservation not to be bound by the provision of Article 35 (2) and takes the position that dispute[s] relating to the interpretation and application of the Convention which have not been settled through the channel provided for in Paragraph (1) of the said Article, may be referred to the International Court of Justice only with the [consent] of all Parties to the dispute."

### ISRAEL

"In accordance with Article 35 paragraph 3 of the Convention the State of Israel declares that it does not consider itself bound by Article 35 paragraph 2, which stipulates that all disputes concerning the interpretation or

application of the Convention shall be referred to the International Court of Justice."

### JORDAN

*Reservation:*

"The Hashemite Kingdom of Jordan declares its intention not to be bound by the provisions of article 35, Paragraph (2) of the United Nations Convention against Transnational Organized Crime."

### LAO PEOPLE'S DEMOCRATIC REPUBLIC

"In accordance with paragraph 3, Article 35 of the United Nations Convention Against Transnational Organized Crime, the Lao People's Democratic Republic does not consider itself bound by paragraph 2, Article 35 of the present Convention. The Lao People's Democratic Republic declares that to refer a dispute relating to interpretation and application of the present Convention to arbitration or the International Court of Justice, the agreement of all parties concerned in the dispute is necessary."

### LATVIA

In accordance with paragraph 3 of Article 5 of the United Nations Convention against Transnational Organized Crime, adopted at New York on the 15th day of November 2000, the Republic of Latvia declares that its domestic law requires an act in furtherance of the agreement for purposes of the offences established in accordance with paragraph 1 (a) (i) of Article 5."

In accordance with paragraph 5 of Article 16 of the United Nations Convention against Transnational Organized Crime, adopted at New York on the 15th day of November 2000, the Republic of Latvia declares that it takes the Convention as the legal basis for cooperation on extradition with other States Parties to the Convention."

In accordance with paragraph 13 of Article 18 of the United Nations Convention against Transnational Organized Crime, adopted at New York on the 15th day of November 2000, the Republic of Latvia declares that the designated authorities are:

1)   Prosecutor General's Office - during a pre-trial investigation
O. Kalpaka blvd. 6, Riga, LV-1801, Latvia
Phone: +371 704 4400
Fax: +371 704 4449
E-mail: gen@lrp.gov.lv
2)   Ministry of Justice - during a trial.
Brivibas blvd. 36, Riga, LV- 1536, Latvia
Phone:  +371 703 6801, 703 6716
Fax:  +371 721 0823, 728 5575
E-mail: tm.kanceleja@tm.gov.lv"

In accordance with paragraph 14 of Article 18 of the United Nations Convention against Transnational Organized Crime, adopted at New York on the 15th day of November 2000, the Republic of Latvia declares that the acceptable language is English or Latvian."

### LITHUANIA

"... according to paragraph 6 of Article 13 of the Convention, the Seimas of the Republic of Lithuania declares that the Republic of Lithuania shall consider the Convention the necessary and sufficient treaty basis for the taking of the measures referred to in paragraphs 1 and 2 of Article 13 of this Convention;

... pursuant to paragraph 3 of Article 35 of the Convention, the Seimas of the Republic of Lithuania declares that the Republic of Lithuania shall not consider itself bound by the provisions of paragraph 2 of Article 35, stipulating that any disputes concerning the interpretation or application of the Convention shall be referred to the International Court of Justice."

### MALAYSIA

"(a) Pursuant to Article 35, paragraph 3 of the Convention, the Government of Malaysia declares that it does not consider itself bound by Article 35, paragraph 2 of the Convention, and

(b) the Government of Malaysia reserves the right specifically to agree in a particular case to follow the arbitration procedure set forth in Article 35, paragraph 2 of the Convention or any other procedure for arbitration."

### MICRONESIA (FEDERATED STATES OF)

"... with a reservation that the FSM Government shall not consider itself bound by article 35, paragraph 2, of the Convention; ..."

### MYANMAR[10]

The Government further wishes to make a reservation on Article 35 and does not consider itself bound by obligations to refer disputes relating to the interpretation or application of this Convention to the International Court of Justice."

### NEPAL

"In accordance with Article 35, paragraph 3, the Government of Nepal declares that it does not consider itself bound by the obligation set forth in Article 35, paragraph 2.

### NICARAGUA

*Declaration:*
The State of the Republic of Nicaragua declares that such measures as may be necessary to harmonize the Convention with its domestic law, will be the outcome of the processes of revision of criminal legislation which the State of the Republic of Nicaragua is currently pursuing or which it may pursue in the future.  Moreover, the State of the Republic of Nicaragua reserves the right, at the moment of depositing its instrument of ratification of the present Convention, to invoke, in accordance with the general principles of international law, article 19 of the Vienna Convention on the Law of Treaties of 23 May 1969.

### PAKISTAN

*"Article 35 (2)*
The Government of the Islamic Republic of Pakistan does not consider itself bound by paragraph 2 of article 35 of the Convention."

### PANAMA

The Government of the Republic of Panama hereby declares that, in connection with articles 16 and 18 of the Convention, it shall not be obliged to carry out extraditions or to render mutual legal assistance in cases where the events giving rise to a request for extradition or mutual legal assistance are not offences under the criminal legislation of the Republic of Panama.

### QATAR

… with a reservation regarding paragraph 2 of Article (35) concerning the submission of dispute to International Arbitration or to the International Court of Justice.

### REPUBLIC OF MOLDOVA

In accordance with paragraph 3 of Article 35 of the Convention, the Republic of Moldova does not consider itself bound by paragraph 2 of Article 35 of the Convention.

Until the full establishment of the territorial integrity of the Republic of Moldova, the provisions of the

Convention will be applied only on the territory controlled by the authorities of the Republic of Moldova.

### RUSSIAN FEDERATION

The Russian Federation, in accordance with article 13, para-graph 6 of the Convention declares that, on the basis of reciprocity, it will consider the Convention the necessary and sufficient treaty basis for the taking of the measures referred to in article 13, paragraphs 1 and 2 of the Convention;

The Russian Federation shall have jurisdiction over the offences established in accordance with articles 5, 6, 8 and 23 of the Convention in the cases envisaged in article 15, paragraphs 1 and 3 of the Convention;

The Russian Federation considers that the provisions of article 16, paragraph 14 of the Convention must be applied in such a way as to ensure the inevitability of responsibility for the commission of offences falling within the purview of the Convention, without detriment to the effectiveness of international cooperation in the areas of extradition and legal assistance;

The Russian Federation, on the basis of article 18, paragraph 7 of the Convention, declares that, on the basis of reciprocity, it will apply article 18, paragraphs 9 to 29 instead of the relevant provisions of any treaty of the mutual legal assistance conclu-ded by the Russian Federation with another State Party to the Convention, if, in the view of the central authority of the Russian Federation, that will facilitate cooperation;

The Russian Federation declares that, in accordance with article 27, paragraph 2 of the Convention, it will consider the Convention as the basis for mutual law enforcement cooperation in respect of the offences covered by the Convention, on condition that such cooperation does not include the conduct of investigatory or other procedural actions in the territory of the Russian Federation.

### SAUDI ARABIA

"The Kingdom of Saudi Arabia does not consider itself obligated by paragraph 2 of article 35 of the Convention."

### SINGAPORE

"Pursuant to Article 35, paragraph 3 of the above mentioned Convention, the Government of the Republic of Singapore does not consider itself bound by Article 35, paragraph 2 of the said Convention."

### SLOVAKIA

"Pursuant to Article 6, paragraph 2 (d) and Article 13, paragraph 5 the appropriate authority which will furnish copies of the laws and regulations of the Slovak Republic that give effect to these paragraphs and of any subsequent changes to such laws and regulations or a description thereof to the Secretary General of the United Nations is the Ministry of Justice of the Slovak Republic."

### SOUTH AFRICA

"AND WHEREAS pending a decision by the Government of the Republic of South Africa on the compulsory jurisdiction of the International Court of Justice, the Government of the Republic does not consider itself bound by the terms of Article 35 (2) of the Convention which provides for the compulsory jurisdiction of the International Court of Justice in differences arising out of the interpretation or application of the Convention. The Republic will adhere to the position that, for the submission of a particular dispute for settlement by the International Court, the consent of all the parties to the dispute is required in every individual case."

### SYRIAN ARAB REPUBLIC

The Syrian Arab Republic expresses a reservation with respect to article 35, paragraph 2 of the Convention.

### THAILAND

"[I]n accordance with paragraph 3 of Article 35 of the Convention, the Kingdom of Thailand does not consider itself bound by paragraph 2 of the same Article."

### THE FORMER YUGOSLAV REPUBLIC OF MACEDONIA

"In accordance with Article 35, paragraph 3, of the Convention, the Republic of Macedonia states that it does not consider itself bound by Article 35, paragraph 2, which stipulates that all disputes concerning the interpretation or application of the Convention shall be referred to the International Court of Justice."

### TUNISIA

In ratifying the United Nations Convention against Transnational Organized Crime, adopted by the United Nations General Assembly on 15 November 2000, the Tunisian Government declares that it does not consider itself bound by the provisions of article 35, paragraph 2, of the Convention and emphasizes that disputes over the interpretation or application of this Convention may not be submitted to the International Court of Justice unless there is agreement in principle among all the parties concerned.

### UKRAINE

*to the paragraph 6 of Article 13:*
The Convention shall be applied only subject to the observation of the constitutional principles and fundamental basis of the legal system of Ukraine;

*to the paragraph b of Article 2:*
The term "serious crime" corresponds to the terms "grave crime"and "especially grave crime"in the Ukrainian criminal law. Grave crime means the crime for which the law provides such type of punishment as imprisonment for at least five years and not exceeding ten years (paragraph 4 of Article 12 of the Criminal Code of Ukraine), and especially grave crime means crime for which the law provides such type of punishment as imprisonment for more than ten years or life imprisonment (paragraph 5 of Article 12 of the Criminal Code of Ukraine).

### UNITED ARAB EMIRATES

The United Arab Emirates declares ... that the provisions of that Convention shall not be binding on the United Arab Emirates in its dealings with States that have not ratified thereof in connection with matters decreed therein, and that such ratification shall in no case imply the estab lishment of relations of any kind with the said States.

### UNITED STATES OF AMERICA

(1)        The United States of America reserves the right to assume obligations under the Convention in a manner consistent with its fundamental principles of federalism, pursuant to which both federal and state criminal laws must be considered in relation to the conduct addressed in the Convention. U.S. federal criminal law, which regulates conduct based on its effect on interstate or foreign commerce, or another federal interest, serves as the principal legal regime within the United States for combating organized crime, and is broadly effective for this purpose. Federal criminal law does not apply in the rare case where such criminal conduct does not so involve interstate or foreign commerce, or another federal interest. There are a small number of conceivable situations involving such rare

offenses of a purely local character where U.S. federal and state criminal law may not be entirely adequate to satisfy an obligation under the Convention. The United States of America therefore reserves to the obligations set forth in the Convention to the extent they address conduct which would fall within this narrow category of highly localized activity. This reservation does not affect in any respect the ability of the United States to provide international cooperation to other Parties as contemplated in the Convention.

(2) The United States of America reserves the right not to apply in part the obligation set forth in Article 15, paragraph 1 (b) with respect to the offenses established in the Convention. The United States does not provide for plenary jurisdiction over offenses that are committed on board ships flying its flag or aircraft registered under its laws. However, in a number of circumstances, U.S. law provides for jurisdiction over such offenses committed on board U.S. -flagged ships or aircraft registered under U.S. law. Accordingly, the United States will implement paragraph 1 (b) to the extent provided for under its federal la

(3) In accordance with Article 35, paragraph 3, the United States of America declares that it does not consider itself bound by the obligation set forth in Article 35, paragraph 2."

### UZBEKISTAN

The Republic of Uzbekistan does not consider itself bound by the provisions of paragraph 2 of article 35 of this Convention.

*Communication concerning article 2, paragraph (a), of the Convention*

Under article 29, section 4, of the Criminal Code of the Republic of Uzbekistan, approved by the Act of 22 September 1994, a group of two or more persons constituted in advance for the purpose of joint criminal activity is considered an organized group.

*Communication concerning article 2, paragraph (b), of the Convention*

Under article 15 of the Criminal Code of the Republic of Uzbekistan, offences are subdivided, according to their nature and the degree of danger they pose to society, into: offences that do not pose a great danger to society, less grave, grave and especially grave offences.

Offences that do not pose a great danger to society are premeditated offences punishable by deprivation of liberty for not more than three years and offences committed through negligence and punishable by deprivation of liberty for not more than five years.

Less grave offences are premeditated offences punishable by deprivation of liberty for more than three years but not exceeding five years and offences committed through negligence and punishable by deprivation of liberty for more than five years.

Grave offences are premeditated offences punishable by deprivation of liberty for more than 5 years but not exceeding 10 years.

Especially grave offences are premeditated offences punishable by deprivation of liberty for more than 10 years or the death penalty.

*Communication concerning article 2, paragraph (g), of the Convention*

Pursuant to the Act of the Republic of Uzbekistan of 29 August 2001, confiscation of property as a form of punishment has been removed from the Criminal Code.

Article 284 of the Code of Criminal Procedure of the Republic of Uzbekistan provides that property that is the object of a crime shall, on the judgement of a court, become State property, unless it is subject to return to the former owner.

*Communication concerning article 7 of the Convention*

Under article 38 of the Act of the Republic of Uzbekistan of 25 April 1996 on banks and bank activities, information on transactions by and accounts belonging to natural and legal persons may be transmitted to the clients and organizations themselves, to the procurator, and to courts and bodies conducting initial inquiries and investigations:

(a) Information on transactions by and accounts belonging to legal persons and other organizations may be transmitted to the organizations themselves, to the procurator, and to courts and bodies conducting initial inquiries and investigations when criminal proceedings have been initiated;

(b) Information on accounts and deposits belonging to natural persons may be transmitted to the clients themselves and their legal representatives and, provided that such information pertains to cases they are handling, to courts and bodies conducting initial inquiries and investigations when financial resources and other assets of the client in the account or deposit may be subject to seizure, when a penalty is enforced or when property is confiscated.

*Communication concerning article 10 of the Convention*

The legislation of the Republic of Uzbekistan does not provide for criminal or administrative liability in respect of legal persons.

### VENEZUELA (BOLIVARIAN REPUBLIC OF)[11]

Pursuant to article 35, paragraph 3, the Bolivarian Republic of Venezuela declares that it enters an express reservation concerning the provisions of paragraph 2 of this article. Consequently, it does not consider itself bound to submit to arbitration as a means of settling disputes, nor does it recognize the compulsory jurisdiction of the International Court of Justice.

### VIET NAM

"The Socialist Republic of Viet Nam does not consider itself bound by the provisions of paragraph 2 of Article 35 of this Convention."

"1. The Socialist Republic of Viet Nam declares that the provisions of the United Nations Convention against Transnational Organized Crime are non-self-executing. The implementation of provisions of this Convention shall be in accordance with Constitutional principles and substantive law of the Socialist Republic of Viet Nam, on the basis of bilateral or multilateral cooperative agreements with other States and the principle of reciprocity.

2. Pursuant to principles of the Vietnamese law, the Socialist Republic of Viet Nam declares that it does not consider itself bound by the provisions with regard to the criminal liability of legal persons set forth in Article 10 of this Convention.

3. The Socialist Republic of Viet Nam, pursuant to Article 16 of this Convention, declares that it shall not take this Convention as the direct legal basis for extradition. The Socialist Republic of Viet Nam shall carry out extradition in accordance with the provisions of the Vietnamese law, on the basis of treaties on extradition and the principle of reciprocity."

### YEMEN

[The Government of the Republic of Yemen declares that they] … fully approve and ratify the above-mentioned Convention and are bound by all its provisions, with the exception of article 35, paragraph 2.

*Notifications made under articles 5 (3), 16 (5), 18 (13) and (14), and 31 (6).*
*(Unless otherwise indicated, the notifications were made*
*upon ratification, acceptance, approval or accession.)*

### ANDORRA

"1)  In accordance with paragraph 13 of Article 18 of the United Nations Convention against Transnational Organized Crime, adopted in New York on 15 November 2000, the Government of the Principality of Andorra designates the following Central Authority with the responsibility and power to receive requests for mutual legal assistance and to execute them:

Ministry in charge of Interior
Government of the Principality of Andorra
Administrative Building 'Obac'
Obac Street
AD 700 Escaldes-Engordany
PRINCIPALITY OF ANDORRA
Tel.: + 376-872 080
Fax: +376-869 250

Although in case of emergency, all requests can be sent directly through INTERPOL (International Criminal Police Organization).

2)  In accordance with paragraph 14 of Article 18 of the United Nations Convention against Transnational Organized Crime, adopted in New York on 15 November 2000, the Government of the Principality of Andorra will accept all requests for legal assistance made in the Catalan, French and Spanish languages or that are accompanied by a translation in Catalan, French or Spanish languages."

### ARGENTINA

The following central authority is designated by Argentina in accordance with article 18 (13) of the Convention:

International Legal Assistance Directorate Directorate General for Legal Affairs Ministry of Foreign Affairs, International Trade and Worship Esmeralda 1212, Piso 4° (C.P. 1007) Ciudad de Buenos Aires, República Argentina Tel./Fax: (54-11) 4819-7170/7172/7231 e-mail: diaju@mrecic.gov.ar

Where a treaty exists, the requirements established therein should be met.  If there is no treaty governing extradition, the following requirements should be met:

When the requested person has been charged:

a)  A clear description of the offence, with specific information on the date, place and circumstances under which it was committed, and the identity of the victim;

b)  The legal characterization of the offence;

c)  An explanation of the basis for the competence of the courts of the requesting State to try the case, as well as the reasons for which the limitations period has not expired.

d)  Affidavit or certified copy of the court order for the detention of the accused, with an explanation of the grounds on which the person is suspected of taking part in the offence, and the court order for the delivery of the extradition request;

e)  The text of the criminal and procedural provisions applicable to the case as they relate to the foregoing paragraphs;

f)  All available information for the identification of the requested person, including name, nicknames, nationality, date of birth, marital status, profession or occupation, distinguishing marks, photographs and fingerprints, and any available information on his domicile or whereabouts in Argentine territory.

In the event that the requested person has been convicted, in addition to the foregoing, the following shall be added:

g)  An affidavit or certified copy of the court decision of conviction;

h)  Certification that the decision is not rendered in absentia and is final.  If the judgment rendered in absentia, assurances must be given that the case will be reopened so that the convicted person may be heard and allowed to exercise the right of defence, and that a new judgment will be issued accordingly;

i)  Information on the length of the sentence remaining to be served;

j)  An explanation of the reasons for which the sentence has not been completed.

Ministerio de Relaciones Exteriores y Culto
Dirección de Asistencia Jurídica Internacional
Esmeralda 1212, piso 4
C1007ABR-Buenos Aires
Argentina
Phone: (54) 11 4819-7000/7385
Fax: (54) 11 4819-7353
E-mail: dajin@mrecic.gov.ar; cooperacion-penal@mrecic.gov.ar
Languages: Spanish
Office hours: 08.00-20.00
GMT: -3

Request by INTERPOL: yes (only for preventive detention requests prior to extradition).

### ARMENIA

"Article 5

Pursuant to paragraph 3 of Article 5 of the United Nations Convention against Transnational Organized Crime, adopted in New York on the 15th day of November 2000 (hereinafter referred as to Convention) the Republic of Armenia declares that its Criminal Code (chapter 7, in particular Article 41 of the Code) covers all serious crimes involving organized criminal groups provided in paragraph 1 (a) (i) of Article 5 of the Convention.

Article 16

Pursuant to paragraph 5 of Article 16 of the Convention the Republic of Armenia declares that it will take the Convention as the legal basis for cooperation on extradition with other States Parties to the Convention.

However, at the same time the Republic of Armenia declares that it shall apply the Convention in relations with the States Parties of the European Convention on Extradition, done at Paris, on 13th day of December 1957, provided that the Convention supplements and facilitates the application of the provisions of the European Convention on Extradition.

Article 18

Pursuant to paragraph 13 of Article 18 of the Convention the Republic of Armenia designates the following central authorities to receive the requests for mutual legal assistance:

a/ in respect of the cases of pretrial investigation phase
- the General Prosecutor's Office of the Republic of Armenia

b/  in respect of the cases of court proceedings phase or connected with the implementation of the judgment
- the Ministry of Justice of the Republic of Armenia.

Pursuant to paragraph 14 Article 18 of the Convention the Republic of Armenia declares that the acceptable languages are Armenian, English or Russian."

"… updated data of the national competent authority designated under the United Nations Convention against Transnational Organized Crime.

Name of Authority:            Police of the Republic of Armenia
Full postal address:          str. Nalbandyan 130 Yerevan 0025
Name of service to be contacted:        International Cooperation Department

Name of person to be contacted: Ms.            Armine Gevorgyan
Title:            Police    Lieutenant-Colonel, Senior Inspector for Special Tasks

Telephone:            +374 10 561 237
Fax:            +374 10 544 648
Email:
            armushgevorgyan@yahoo.com

Office Hours:            09:00 to 18:00
Lunch breaks:            from 13:00 to 14:00
GMT:            +4

Languages:            English, Russian

Acceptance of requests through Yes
INTERPOL:

Formats and channels accepted: Any,    for    police purposes only

Specific procedure in urgent cases:        Depends    on the case."

### AUSTRALIA

Australia has the additional honour to note that, under article 5 (3) of the United Nations Convention against Transnational Organised Crime, Australia is required to inform the Secretary General of the United Nations if its law operates in a way that is covered by the paragraph. In accordance with that obligation, the Permanent Mission of Australia is pleased to advise that Australia's law does require an act of furtherance of the Agreement for the conspiracy offence to be made out.

The Permanent Mission of Australia is also pleased to advise that the appropriate Australian authority to contact for the purposes of articles 18 and 31 of the United Nations Convention against Transnational Organised Crime is:
The Attorney-General's Department
(Assistant Secretary, International Crime Branch)
Robert Garran Offices
National Circuit
BARTON ACT 2602
AUSTRALIA
Australia further notes that Australia is not required to make a notification under article 16 (5) of the United Nations Convention against Transnational Organised Crime as Australian extradition law does not operate in the manner covered by this article."

### AZERBAIJAN

"In accordance with paragraph 5 of Article 16 of the Convention, the Republic of Azerbaijan declares that it will use the Convention as the legal basis for cooperation on extradition with other States- Parties to the Convention.

In accordance with paragraph 13 of Article 18 of the Convention, the Republic of Azerbaijan declares that the Ministry of Justice of the Republic of Azerbaijan is designated as the central authority that shall have the responsibility and power to receive requests for mutual

legal assistance and either to execute them or to transmit them to the competent authorities for execution.

In accordance with paragraph 14 of Article 18 of the Convention, the Republic of Azerbaijan declares that the requests and supporting documents should be submitted in Russian or English as the UN official languages, and should be accompanied by a translation in Azeri.

In accordance with paragraph 6 of Article 31 of the Convention, the Republic of Azerbaijan declares that the following authority can assist other States Parties in developing measures to prevent transnational organized crime:
Ministry of Internal Affairs of the Republic of Azerbaijan        H. Hajiev st. 7,    Baky, Azerbaijan."

### BAHAMAS

"In accordance with Article 16 paragraph 5 (a), the Commonwealth of The Bahamas declares that it takes the Convention as the legal basis for cooperation on extradition on the basis of reciprocity with those States Parties which likewise have accepted the same.

With respect to States Parties with which extradition agreements have been signed, the Convention shall apply whenever these agreements are incompatible with it.

The Commonwealth of The Bahamas further declares that the central authority designated for the purpose of Article 18, paragraph 13 of the Convention is the Attorney-General's Office and the language acceptable to The Bahamas for the purposes of Article 18, paragraph 14 is English."

### BELARUS

"    The Republic of Belarus in accordance with Article 16 of the Convention will use the Convention as a basis for cooperation on the issues of extradition with other states - members of the Convention."

### BELGIUM

In accordance with article 18, paragraph 13 of the Convention, the Federal Department of Justice, head office for legislation, fundamental rights and freedoms, 115 Boulevard de Waterloo, 1000 Brussels, has been designated as the central authority.

### BELIZE

"[The Government of Belize] declares that it shall take this Convention as the legal basis for cooperation on extradition with other States Parties to this Convention;

[The Government of Belize] further declares that the central authority designated for the purpose of article 18, paragraph 13 of the aforesaid Convention is the Attorney-General's Office and the language acceptable to Belize for the purposes of article 18, paragraph 14 is English."

### BOLIVIA (PLURINATIONAL STATE OF)

1.    Pursuant to Article 16, paragraph 5, on the subject of extradition, the Republic of Bolivia declares that it will be governed by its domestic laws, by the international treaties signed bilaterally with various States, and, supplementarily, by the Convention.

2.    Pursuant to Article 18, paragraph 13, of the Convention, it declares further that the Ministry of Foreign Affairs and Worship is the central authority for the receipt of requests for mutual legal assistance. The address of the Ministry is Plaza Murillo, c. Ingavi esq. c. Junín, La Paz, Bolivia. Tel: (591) (2) 2408900 - 2409114. Fax: (591) (2) 2408642. E-mail: mreuno@rree.gov.bo.

3.    In addition, pursuant to Article 18, paragraph 14, of the Convention, it wishes to advise that all requests should be submitted to the central authority in writing and in the Spanish language.

## BOTSWANA

"The Government of the Republic of Botswana hereby notified the Secretary-General of the United Nations that pursuant to:

a) paragraph 5 (a) of Article 16, the Government of the Republic of Botswana will not take this Convention as the legal basis for cooperation on extradition with other States Parties to this Convention;

b) paragraph 13 of Article 18, the Government of the Republic of Botswana designates the Attorney General of the Republic of Botswana as the central authority that shall have the responsibility and power to receive requests for mutual legal assistance and either to execute them or to transmit them to the competent authorities for execution;

c) paragraph 14 of Article 18, English is the acceptable language to the Government of the Republic of Botswana;

d) paragraph 6 of Article 31, the following authorities can assist other State Parties in developing measures to prevent transnational organized crime:

i) The Commissioner of Police
Botswana Police Headquarter
Government Enclave
Private Bag 0012
Gaborone, Botswana
ii) The Attorney General of the Republic of Botswana
Attorney General's Chambers
Government Enclave
Private Bag 009
Gaborone, Botswana."

## BRAZIL

"... the Brazilian government has designated its Ministry of Justice as the central authority for matters related to mutual legal assistance, in accordance with article 18, paragraph 13 of the United Nations Convention against Transnational Organized Crime (Palermo Convention).

Any requests for international legal assistance under the Palermo Convention shall be directed, in Portuguese or in English, to the following focal points:

* International legal assistance
Department of Asset Recovery and International Legal Cooperation (DRCI)
SCN-Block 1–Building A - Office 101
Zip Code: 70711-900
Phone: 00. 55. 61. 429 8900
Fax: 00. 55. 61. 328 1347
E-mail: drci-cgci@mj.gov.br
* Extradition and transference of convicted criminals
Department of Foreigners (DEEST)
Esplanade of Ministries - Ministry of Justice - Building T - Annex II
3rd Floor - Office 305
Zip Code: 70064-900
Phone: 00. 55. 61. 429 3325
Fax: 00. 55. 61. 429 9383
E-mail: deesti@mj.gov.br."

## BURKINA FASO

... the information below relates to the criminalization of an organized criminal group and of certain offences provided for in the Convention, the extradition regime, the central authority competent to receive and execute requests for mutual legal assistance, and the acceptable language for submitting such requests to Burkina Faso.

I. Criminalization of an organized criminal group, and certain offences covered by the Convention

In the positive law of Burkina Faso, the applicable Penal Code (Act 43/96/ADP of 13 November 1996) criminalizes an organized criminal group.

Article 222 of the Penal Code, which defines the crime of association of offenders, stipulates that "any association or agreement of whatever duration or number of members, formed or established for the purpose of committing crimes against persons or property, shall constitute the crime of association of offenders, which exists by the sole fact of the resolution to act decided by mutual consent".

Articles 223 and 224, which punish that offence, set the following penalties for offenders:

- Five to 10 years of imprisonment for any person belonging to the association or agreement defined in article 222;

- Ten to 20 years of imprisonment for the leaders of such an association or agreement.

The Penal Code of Burkina Faso accordingly criminalizes the existence of an organized criminal group as a separate offence, before the commission of any act that is the subject of the agreement.

It should also be pointed out that the Penal Code allows for the extension of the prosecution of members of an organized group to persons outside the group who have participated in the commission of an offence by the group, as associates or accomplices (arts. 64 and 65 of the Penal Code). Receiving, which is defined as the knowing possession or enjoyment of proceeds of crime or of money laundered from drug trafficking by an individual, is also a crime under articles 508 to 510 and article 446 of the Penal Code.

With regard to corruption, whose criminalization has been recommended by the United Nations Convention against Transnational Organized Crime, it should be noted that the Penal Code of Burkina Faso, in articles 156 and 160, defines and imposes penalties for the commission of such an offence.

Regarding the criminal liability of legal persons, the Penal Code allows for the establishment of such liability, since article 64, paragraph 2, thereof provides that "any legal person having a civil, commercial, industrial or financial purpose on whose behalf or in whose interest the act of commission or omission that constitutes an offence has been wilfully perpetrated by its organs shall also be considered an accomplice".

II. Extradition regime

Burkina Faso has signed agreements on mutual legal assistance, including extradition, with France (an agreement on judicial cooperation, signed at Paris on 24 April 1961) and Mali (a general convention on cooperation in judicial matters, signed at Ouagadougou on 23 November 1963).

At the multilateral level, Burkina Faso has also signed several conventions on judicial cooperation, including:

- The general convention on judicial cooperation, signed at Antananarivo on 12 September 1961 under the auspices of the former African and Malagasy Common Organization (OCAM);

- The convention on judicial cooperation among the States parties to the Accord on Non-Aggression and Mutual Assistance in Defence (ANAD), adopted at Nouakchott on 21 April 1987;

- The convention A/P.1/7/92 of the Economic Community of West African States (ECOWAS) on mutual legal assistance in criminal matters, adopted at Dakar on 29 July 1992;

- The extradition convention A/P.1/8/94 of ECOWAS, signed at Abuja on 6 August.

For countries bound to Burkina Faso by a cooperation agreement or convention, these texts are applicable in their relations.

For countries not bound to Burkina Faso by an agreement or convention on judicial cooperation, the text which applies in the case of a request for extraition is the legislative act of 10 March 1927 on the extradition of foreigners. That law was promulgated in former French West Africa (AOF) and made applicable to the former colonies by an order dated 2 April 1927 (Official Journal

of French West Africa, 1927, p. 297). It remained in force in Burkina Faso after independence. Article 1 of the act provides that, "in the absence of a treaty, the conditions, procedure and modalities of extradition shall be determined by the provisions of the present law. The law shall also apply to those issues not regulated by treaties".

What is clear from the reading of this article on the extradition law of Burkina Faso is that the extradition of foreigners is not subordinated to the prior existence of a treaty, since the law in question is designed to regulate cases where no treaty exists or points on which existing treaties are silent.

In the case of a request for extradition, the same law subordinates the handing over of the foreigner who is the subject of the request to the existence of legal proceedings or a conviction for an offence under the law (art. 2).

With regard to offences for which extradition may be requested by foreign Governments, the law makes a distinction between the case of persons being prosecuted and those sentenced (art. 4). For persons being prosecuted, the law allows extradition for all offences constituting crimes under the laws of the requesting State. Regarding offences punishable by custodial sentences under the laws of the requesting State, the laws of Burkina Faso require that the maximum sentence must be at least two years of imprisonment.

For sentenced offenders, the act dated 10 March 1927 requires that the sentence handed down by the court in the requesting State must equal or exceed two months of imprisonment.

From these various clarifications, it may be said that the United Nations Convention against Transnational Organized Crime alone cannot serve as the legal basis for the offences it considers extraditable. It can certainly be affirmed, however, that the domestic laws of Burkina Faso, and the agreements to which the country is signatory, easily allow for extradition and are not at variance with the Convention.

III.   Central authority competent to receive and execute requests for mutual legal assistance

In Burkina Faso, the central authority competent to receive and execute requests for mutual legal assistance is the Garde des sceaux, Minister of Justice. This principle is enshrined in articles 9 and 10 of the act dated 10 March 1927 on extradition and is applicable to any form of mutual legal assistance.

-   Under article 9 of that act, requests for extradition should be addressed to the Government of Burkina Faso through the diplomatic channel;

-   Article 10 of the act stipulates that, "after documentary verification, the request for extradition shall be transmitted, with the supporting documents, by the Minister for Foreign Affairs to the Minister of Justice, who shall ensure that the request is in order and shall take such action as is required under law";

-   Thus, the principle is that the Minister for Foreign Affairs serves as the intermediary for transmission of the request for mutual legal assistance sent through the diplomatic channel, while the Minister of Justice is the authority empowered to receive and execute the request.

It should be mentioned that agreements on judicial cooperation intended to simplify procedures between the States parties, often provide for a waiver of this principle by allowing for direct transmittal of the request for mutual legal assistance from the competent judicial authority of the requesting State to that of the requested State.

IV.   Language acceptable for requesting mutual legal assistance

In accordance with the provisions of article 35, paragraph 1, of the Constitution, the official language of Burkina Faso is French. For that reason, the language acceptable for official documents addressed to the Government, including requests for mutual legal assistance, is French.

## BURUNDI

... pursuant to article 16 (5) b), the Government of the Republic of Burundi does not consider this Convention as the legal basis for cooperation on extradition and therefore makes extradition conditional to the existence of a treaty and will seek, where appropriate, to conclude treaties on extradition with other States Parties in order to implement this article.

## CANADA

International Assistance Group
Litigation Branch, Criminal Law Division
Department of Justice Canada
284 Wellington Street, 2nd Floor
Ottawa, ON, K1A 0H8
Telephone: + 011 44 613-957-4832
After hours number: + 011 44 613-851-7891
Fax: +011 44 613-957-8412
Email: cdncentralauthority@justice.gc.ca

## CHILE

The Republic of Chile, in accordance with paragraph 3 of article 5 of the United Nations Convention against Transnational Organized Crime, hereby gives notification that under the Chilean legal system involvement of an organized criminal group is required for purposes of the offences established in accordance with paragraph 1(a)(i) of article 5.

Moreover, in accordance with paragraph 6 of article 31 of the Convention, it hereby designates the Ministry of the Interior, with address at the Palacio de la Moneda, Santiago, Chile, as the national authority that can assist other States parties in developing measures to prevent transnational organized crime.

Furthermore, in accordance with paragraph 13 of article 18, it hereby designates the Ministry of Foreign Affairs as the central authority for purposes of receiving requests for mutual legal assistance, further specifying in accordance with paragraph 14 of that article that for purposes of such requests the language acceptable to Chile is Spanish.

## CHINA

"In accordance with the provisions of paragraph 13 of Article 18 of the United Nations Convention against Transnational Organized Crime, the Ministry of Justice and the Ministry of Public Security of the People's Republic of China are designated as the central authorities that have the responsibility and power to receive requests for legal assistance.   The address of the Ministry of Justice is: 10 Chaoyangmen Nandajie, Chaoyang District, Beijing, China, 100020; and the address of the Ministry of Public Security is: 14 Dong Chang'anjie, Dongcheng District, Beijing, China, 100741.

In accordance with the provisions of paragraph 14 of Article 18 of the Convention, Chinese is the only language acceptable to the People's Republic of China for the written requests for legal assistance."

"1. Regarding paragraph 3 of Article 5 of the United Nations Convention against Transnational Organized Crime, pursuant to the criminal law of China, a person commits a crime if he/she participates in terrorist group(s) or in organization(s) in the nature of criminal syndicate. Constitution of such crime doesn't waiver that he/she commits a specific criminal activity. With regard to participation in other organized crime, the specific activity committed by the participant shall be considered as constitutive element of crime concerned.

2. Regarding the question in paragraph 5 of Article 16 of the Convention that whether States Parties make extradition conditional on the existence of extradition treaty and take this Convention as the legal basis for cooperation on extradition, China may carry out

cooperation on extradition with other State on the basis of reciprocity and doesn't make extradition conditional on the existence of extradition treaty. Furthermore, the Convention could be the legal basis for China to cooperate with other States Parties on extradition.

3. Regarding paragraph 6 of Article 31 of the Convention, China has not yet specifically designated the authority or authorities that can assist other States Parties in developing measures to prevent transnational organized crime."

1. The Ministry of Foreign Affairs of the People's Republic of China is designated as the communication authority for cooperation on extradition for the purpose of Article 16 of the Convention.

Address: No. 2 Chao Yang Men Nan Da Jie, Chao Yang District, Beijing, China.

2. With regard to Hong Kong Special Administrative Region, the Secretary for Justice of the Department of Justice of Hong Kong Special Administrative Region is designated as the competent authority for cooperation on surrender of fugitive offenders for the purpose of Article 16 of the Convention.

Address: 47/F High Block, Queensway Government Offices, 66 Queensway, Hong Kong.

3. With Regard to Macao Special Administrative Region, the Office of the Secretary for Administration and Justice of Macao Special Administrative Region is designated as the competent authority for cooperation on surrender of fugitive offenders for the purpose of Article 16 of the Convention.

Address: Sede do Governo da RAEM, Avenida da Praia Grande, Macao.

## COLOMBIA

Furthermore, in accordance with article 18, paragraph 13, Colombia gives notice that the central authorities designated to receive requests for mutual legal assistance and either to execute them or to transmit them to the competent authorities for execution, and to formulate requests for legal assistance, shall be as follows:

(a) The Office of the Prosecutor-General, to receive and execute or transmit requests for mutual legal assistance made by other States Parties, and to formulate requests for legal assistance to other States Parties in the case of investigations being handled by that Office.

Address: Diagonal 22B No. 52-01 Ciudad Salitre
Switchboard: 5702000-41449000
Electronic mail: contacto@fiscalia.gov.co
Bogotá D.C., Colombia

(b) The Ministry of the Interior and Justice, to formulate requests to other States Parties for legal assistance in cases other than investigations being handled by the Office of the Prosecutor-General.

Address: Avenida Jiménez No. 8-89
Switchboard: 5960500
Electronic mail: admin_web@mininteriorjusticia.gov.co
Bogotá D.C., Colombia

Finally, in accordance with article 18, paragraph 14, of the Convention, notice is given that Spanish is the language acceptable to Colombia for requests for legal assistance.

## COOK ISLANDS

"In accordance with the provisions of article 18, paragraph 13, of the United Nations Convention against Transnational Organized Crime, the Government of the Cook Islands declares that the Attorney General of the Cook Islands is designated by the Government of the Cook Islands as the Central Authority that shall have the responsibility and power to receive requests for mutual legal assistance.

AND pursuant to article 18, paragraph 14, of the United Nations Convention against Transnational Organized Crime, that the English language is designated by the Government of the Cook Islands as the acceptable language in which to make requests for mutual legal assistance."

## CÔTE D'IVOIRE

Pursuant to article 5, paragraph 1(a)(i):

The State of Côte d'Ivoire does not require involvement of an organized criminal group or an act in furtherance of the agreement for purposes of the offences established in accordance with paragraph 1(a)(i) of article 5.

Pursuant to article 16, paragraph 5:

The Government of the Republic of Côte d'Ivoire takes the United Nations Convention against Transnational Organized Crime as the legal basis for cooperation on extradition with other States parties to the Convention, in addition to existing bilateral and multilateral treaties, conventions and agreements.

Pursuant to article 18, paragraph 13:

The central authority designated to receive and execute requests for mutual legal assistance is the Department of Civil and Criminal Affairs (DACP) of the Ministry of Justice, located at the Chancellerie, Bloc Ministériel, BP V 107 Abidjan, Côte d'Ivoire.

## CUBA

Pursuant to article 5, paragraph 3, of the Convention, the Republic of Cuba reports that its domestic law provides that involvement of an organized criminal group in the offences established in accordance with paragraph 1 (a) (i) of this article is an aggravating factor in such conduct.

With respect to the provisions of article 16, paragraph 5 of the Convention, concerning its use as the legal basis for cooperation on extradition with States with which extradition agreements have been signed, the Convention shall apply whenever these agreements are incompatible with it.

With respect to article 18, paragraph 13, the central authority with the responsibility to receive requests for mutual legal assistance and either to execute them or to transmit them to the competent authorities for execution is the Ministry of Justice of the Republic of Cuba.

Furthermore, requests for legal assistance must be submitted to the central authority in Spanish pursuant to article 18, paragraph 14.

With respect to the provisions of article 35, paragraph 3, the Republic of Cuba declares that it does not consider itself bound by paragraph 2 of this article, concerning the settlement of disputes between two or more States parties.

## CZECH REPUBLIC

- "The domestic law of the Czech Republic requires the involvement of an organized crime group for the purposes of the offences established in accordance with Article 5, paragraph 1 (a) (i) of the United Nations Convention against Transnational Organized Crime.

- In accordance with Article 18, paragraph 13 of the United Nations Convention against Transnational Organized Crime, the Czech Republic designates the Supreme Public Prosecutor's Office of the Czech Republic as a central authority having the responsibility and power to receive requests for mutual legal assistance in case of requests submitted in the pretrial proceedings, and the Ministry of Justice of the Czech Republic as a central authority having the responsibility and power to receive requests for mutual legal assistance in all other cases.

- In accordance with Article 18, paragraph 14 of the United Nations Convention against Transnational Organized Crime, the Czech Republic declares that it will accept written requests for mutual legal assistance made in the Czech, English and French languages.

- The following authority is designated by the Czech Republic in accordance with Article 31, paragraph 6 of the United Nations Convention against Transnational Organized Crime, to assist other States Parties in developing measures to prevent transnational organized crime:

Ministry of the Interior of the Czech Republic
Security Policy Department
Nad Stolou 3
P.O.Box 21/OBP
Praha 7
170 34
Czech Republic."

### DENMARK

"In accordance with Article 18 (13) of the Convention Denmark declares that the central authority in Denmark competent to receive requests for mutual legal assistance is the Ministry of Justice. The address is: Justitsministeriet, Det Internationale Kontor, Slotsholmsgade 10, DK-1216 Copenhagen K, tel. +45 33 92 33 40, fax +45 33 93 35 10, email: *jm@jm.dk* .

In accordance with Article 18 (14) of the Convention Denmark declares that it will accept requests in the following languages: Danish, Swedish Norwegian, English, French and German."

### ECUADOR

For the purposes of the United Nations Convention against Transnational Organized Crime, the Government of Ecuador designates the Office of the Public Prosecutor as the central Ecuadorian authority [in acordance with article 18, paragraph 13].

### EL SALVADOR

The Government of the Republic of El Salvador recognizes the extradition of nationals on the basis of article 28, second and third subparagraphs, of the Constitution of the Republic, which states as follows: 'Extradition shall be governed by international treaties and, where Salvadorans are involved, shall be in order only where a treaty expressly so stipulates and has been approved by the legislative bodies of the signatory countries. In any event, its stipulations shall embody the principle of reciprocity and shall grant to all Salvadorans all of the penal and procedural guarantees that are set forth in this Constitution.' 'Extradition shall be in order only where the offence has been committed within the territorial jurisdiction of the requesting country, except where offences of international reach are involved. Under no circumstances may extradition be stipulated for political offences, even where common crimes are the result of such offences,' advising further that the said Convention shall not be considered to be the legal basis of cooperation on extradition in its relations with other States parties thereto, and that it shall nonetheless endeavour, where necessary, to conclude extradition treaties with other States parties to the Convention.

With regard to article 18, paragraphs 13 and 14, the Government of the Republic of El Salvador states that the designated central authority is the Ministry of the Interior. Communications shall be transmitted through the diplomatic channel, and the acceptable language is Spanish.

### ESTONIA

"... the Riigikogu of the Republic of Estonia, while ratifying the Convention, made the following declarations:
1)         pursuant to Article 5 paragraph 3 of the Convention the Republic of Estonia declares  that under its legislation it considers the act provided in paragraph l(a)(i) of Article 5 as a crime;

2)         pursuant to Article 16 paragraph 5 of the Convention the Republic of Estonia declares that it will take this Convention as the legal basis for cooperation on extradition with other States Parties to this Convention;
3)         pursuant to Article 18 paragraph 13 of the Convention the Republic of Estonia designates the Ministry of Justice as a central authority to receive the requests for mutual legal assistance;
4)         pursuant to Article 18 paragraph 14 of the Convention the Republic of Estonia declares that the acceptable languages are Estonian and English."

### FINLAND

"Pursuant to Article 18 (13), the Republic of Finland declares that the Ministry of Justice is the central authority competent to receive, execute or transmit requests for mutual legal assistance.

Pursuant to Article 18 (14), the Republic of Finland declares that Finland accepts documents which are in Finnish, Swedish, Danish, English, French or German languages."

### GERMANY

With reference to Article 5, paragraph 3:
"German domestic law requires the involvement of an organized criminal group for the purposes of the offences established in accordance with Article 5, paragraph 1 (a) (i)."
...
Pursuant to the obligation under Article 18, paragraph 13:
"Germany designates the
Bundesministerium der Justiz
[Federal Ministry of Justice]
Adenauerallee 99-103
D-53113 Bonn
Tel.: +49 (0) 228 580
Fax: +49 (0) 228 58 83 25
as the central authority authorized to receive requests for mutual legal assistance."
Pursuant to the obligation under Article 18, paragraph 14:
"Requests for mutual legal assistance submitted to Germany must be written in the German language or be accompanied by a translation into German."
Pursuant to the obligation under Article 31, paragraph 6:
"Germany designates the
Bundeskriminalamt
[Federal Criminal Police Office]
65173 Wiesbaden
Tel.: +49 (0) 611-55-0
Fax: +49 (0) 611-55-12141
E-Mail: info@bka.de
as the authority responsible under Article 31, paragraph 6 of the Convention."

### GUATEMALA

The Government of the Republic of Guatemala, in accordance with the provisions of article 18 (13) of the said Convention, designates the judiciary and the Public Prosecutor's Office as the central authorities for the receipt of requests for mutual legal assistance, with the power either to execute them or to transmit them to the competent authorities for execution.

### HOLY SEE

"Pursuant to article 16.5 of the Convention, the Holy See declares that it takes the Convention as the legal basis for cooperation on extradition with other Parties to the Convention, subject to the limitations to the extradition of persons provided for by its domestic law."

## ICELAND

"In accordance with Article 18, paragraph 13, of the United Nations Convention against Transnational Organized Crime of 15 November 2000, Iceland hereby designates the Ministry of Justice and Human Rights as the central authority which shall have the responsibility and power to receive requests for mutual legal assistance and either to execute them or to transmit them to the competent authorities for execution.   Iceland further declares, in accordance with Article 18, paragraph 14, that requests shall be made in Icelandic or English."

## INDONESIA

"1. On behalf of the Government of the Republic of Indonesia, I have the honor to convey the contact information of the competent authority authorized to receive, respond to and process requests for extradition and mutual legal assistance in criminal matters as follows:

Ministry of Law and Human Rights
Cahyo Rahadian Muzhar, S.H., LL.M., Director
Directorate of International Law and Central Authority
Directorate General of Legal Administrative Affairs
Jl. H.R. Rasuna SaidKav. 6-7 •
Kuningan, Jakarta, 12940 Indonesia
Phone : (+62) 21 522-1619
Fax: : (+62) 21 522-1619/(+62) 21 529-63996
E-Mail : cr.muzhar@gmail.com
Website : www.kemenkumham.go.id
2. The former official Dr. Chairijah has retired from her position as per 1 September 2012."

## IRAQ

… in order to carry out [the] Republic of Iraq commitments under the Convention, the relevant Iraqi authorities have designated the Ministry of the Interior of Iraq as the central authority with responsibility and power to receive requests for mutual legal assistance and to take action in accordance with articles 16 and 17 of the Convention and Article 8 of the Protocol against the Smuggling of Migrants by Land, Sea and Air.

## IRELAND

"[...] Ireland [notifies], in accordance with article 18 (13) of the Convention, that the Central Authority competent and with the responsibility and power to receive requests for mutual legal assistance on behalf of Ireland shall be:

The Minister of Justice and Law Reform
Central Authority for Mutual Assistance
Department of Justice and law Reform
51 St Stephans Green
Dublin 2
Ireland
Email: mutual@justice.ie"
"[...] Ireland [notifies], in accordance with Article 18 (14) of the Convention, that Ireland will accept requests for mutual legal assistance in either of the following two languages:
English
Irish."

## ISRAEL

The Minister of Justice is the competent authority under Israeli law to receive requests for legal assistance, an authority which is permitted to delegate. Pursuant to such designation, requests for mutual assistance in criminal cases should be addressed to the Israeli Directorate of Courts in the Ministry of Justice, 22 Kanfei Nesharim St. Jerusalem, 95464, copied to the Diplomatic and Civil Law Department in the Ministry of Foreign Affairs, 9 Rabin Ave., Jerusalem.
Requests for legal assistance must be submitted either in Hebrew or in English.

The authority qualified to assist other countries Parties to the Convention in developing means for the prevention of Transnational Organized Crime is the Special Operations Division of the Israeli Police."

## KIRIBATI

"... pursuant to article 18 (13) of the Convention that the Attorney-General of Kiribati is designated by the Republic of Kiribati as the Central Authority who shall have the responsibility and power to receive requests for mutual legal assistance; and
... pursuant to article 18 (14) of the Convention that English is designated by the Republic of Kiribati as the acceptable language in which to make requests for mutual legal assistance."

## KYRGYZSTAN

The Office of the Prosecutor-General of the Kyrgyz Republic is the central authority with the responsibility and power to receive requests for mutual legal assistance and either to execute them or to transmit them to the competent authorities for execution.

## LAO PEOPLE'S DEMOCRATIC REPUBLIC

"1.        In accordance with paragraph 5(a), Article 16 of the United Nations Convention Against Transnational Organized   Crime, the Lao People's Democratic Republic does not take this Convention as the legal basic for cooperation on extradition with other States Parties to this Convention.
2.        In accordance with paragraph 13, Article 18, the Government of the Lao People's Democratic Republic designates the Ministry of Public Security as central authority and the Ministry of Foreign Affairs as alternate central authority that have the responsibility and power to receive requests for mutual legal assistance and either to execute them or to transmit them to the competent authorities for execution.
3.        In accordance with paragraph 14, Article 18, in addition to the Lao language, English is acceptable to the Government of the Lao People's Democratic Republic."

## LATVIA

In accordance with paragraph 3 of Article 5 of the United Nations Convention against Transnational Organized Crime, adopted at New York on the 15th day of November 2000, the Republic of Latvia declares that its domestic law requires an act in furtherance of the agreement for purposes of the offences established in accordance with paragraph 1 (a) (i) of Article 5."
In accordance with paragraph 5 of Article 16 of the United Nations Convention against Transnational Organized Crime, adopted at New York on the 15th day of November 2000, the Republic of Latvia declares that it takes the Convention as the legal basis for cooperation on extradition with other States Parties to the Convention."
In accordance with paragraph 13 of Article 18 of the United Nations Convention against Transnational Organized Crime, adopted at New York on the 15th day of November 2000, the Republic of Latvia declares that the designated authorities are:
1)    Prosecutor General's Office - during a pre-trial investigation
O. Kalpaka blvd. 6, Riga, LV-1801, Latvia
Phone: +371 704 4400
Fax +371 704 4449
E-mail: gen@lrp.gov.lv
2)    Ministry of Justice - during a trial.
Brivibas blvd. 36, Riga, LV- 1536, Latvia
Phone: +371 703 6801, 703 6716
Fax: +371 721 0823, 728 5575
E-mail: tm.kanceleja@tm.gov.lv"

In accordance with paragraph 14 of Article 18 of the United Nations Convention against Transnational Organized Crime, adopted at New York on the 15th day of November 2000, the Republic of Latvia declares that the acceptable language is English or Latvian."

### LESOTHO

"1. The legal system pertaining in the Kingdom of Lesotho requires involvement of an organized criminal groups for purposes of the offences established in accordance with article 5 (1) (a) (i), and further requires an act in furtherance of an agreement for purposes of the offences established in accordance with article 5 (1) (a) (i) of the Convention.

2. In response to article 16 (5) of the Convention, in Lesotho, extradition is conditional on the existence of a treaty.

3. In response to article 18 (13) of the Convention, in Lesotho the office of the Attorney-General shall be the designated central authority with the responsibility and power to receive requests for mutual legal assistance.

4. In response to article 18 (14) of the Convention, the English language is acceptable for purposes of requests for mutual legal assistance."

### LIECHTENSTEIN

"Name of Authority: Ministry of Justice

Full postal address: Haus Risch
Aulestrasse 51
Postfach 684
FL-9490 Vaduz

Name of service to be contacted: Ministry of Justice

Name of person to be contacted: Mr. Harald Oberdorfer

Telephone: 00423/236-6590
Fax: 00423/236-7581
Email: harald.oberdorfer@regierung.li

Office Hours: 08:30 to 16:30
Lunch breaks: from 11:30 to 13:00
GMT: +/- 1

Languages: English, German

Acceptance of requests through INTERPOL: Yes

Information needed for requests to be executed: Letter rogatory (criminal proceedings pending, summary of facts, requested assistance, legal provisions)

Formats and channels accepted: Fax and transmission through Interpol accepted."
Mag. Harald Oberdorfer
Legal Officer
Office of Justice
Judicial Affairs Division
P.O. Box 684
9490 Vaduz
Principality of Liechtenstein
Phone: +423 236 65 90
Fax: +423 236 75 81
E-Mail: harald.oberdorfer@llv.li
Languages: German, English
Office hours: 08:00-11:30, 13:30-17:00
GMT: +1
Request by Interpol: yes

### LITHUANIA

... pursuant to paragraph 13 of Article 18 of the Convention, the Seimas of the Republic of Lithuania declares that the Ministry of Justice of the Republic of Lithuania and the Prosecutor General's Office under the Supreme Court of the Republic of Lithuania shall be designated as central authorities to receive requests for mutual legal assistance;

.... pursuant to paragraph 14 of Article 18 of the Convention, the Seimas of the Republic of Lithuania declares that requests for legal assistance and documents pertaining thereto, which shall be submitted to the Republic of Lithuania, should be accompanied by respective translations into English, Russian or Lithuanian, in case the aforementioned documents are not in one of these languages;

.... pursuant to paragraph 5 (a) of Article 16 of the Convention, the Seimas of the Republic of Lithuania declares that the Republic of Lithuania shall consider this Convention a legal basis for cooperation on extradition with other States Parties to the Convention; however, the Republic of Lithuania in no case shall consider the Convention a legal basis for the extradition of Lithuanian nationals, as it is stipulated in the Constitution of the Republic of Lithuania.

The Competent National Authorities for the implementation of the Article 16 (Extradition) and 18 (Mutual Legal Assistance) are as follows:
"Name of Authority: Prosecutor General's Office of the Republic of Lithuania
Full postal address: Rinktines Str. 5A, LT-01515 Vilnius, Lithuania
Name of service to be contacted: Department for Criminal Prosecution
Name of person to be contacted: Mr. Tomas Krušna
Title: Deputy Chief Prosecutor
Telephone: (+370) 5 266 23 60
Fax: (+370) 5 266 24 57
Email: tomas.krusna@prokuraturos.lt
Website: http://www.prokuraturos.lt
Office hours: 8:00 – 17:00 lunch breaks from 12:00 to 12:45
Acceptance of requests by INTERPOL: Yes
Timezone: GMT+3 (Etc/GMT-3)
Languages: English, Lithuanian or Russian
Information/documents needed for requests to be executed: As prescribed in Art. 18, para.15 of the UN Convention against Transnational Organized Crime
Extradition: Decision on the arrest or judgment imposing custodial sentence. Accurate description of the offence. Legal classification of the offence and statement of relevant applicable law. Information about extraditable person.
Formats and channels accepted: Post, fax, via Interpol. The request by email can be sent only if its authenticity (proved by a signature of competent officer and seal of its office) is preserved."

### LUXEMBOURG

- Notification concerning article 5, paragraph 3:
Luxembourg's domestic law requires involvement of an organized criminal group for purposes of the offences established in accordance with article 5, paragraph 1 (a) (i).

- Notification concerning article 18, paragraph 13:
The following authority has been designated as the central authority that shall have the responsibility and power to receive requests for mutual legal assistance addressed to the Grand Duchy of Luxembourg:
Office of the Public Prosecutor
Boîte Postale 15
L-2010 Luxembourg
Tel.: (352) 47 59 81-336
Fax: (352) 47 05 50

- Notification concerning article 18, paragraph 14:

Requests for mutual legal assistance and related documents addressed to the Grand Duchy of Luxembourg must be accompanied by a translation into either French, German or English.

## MALAWI

"The Government of the Republic of Malawi is currently in the process of reviewing its domestic legislation with the aim of incorporating obligations assumed on, ratification of this convention, specifically, offences stipulated in consonant with Article 5 (1) and (2).

The Government also undertakes to notify, the Secretary-General of the United Nations once the enabling legislation has been prepared and passed perforce Article 5 (3).

Further, the Government regards this convention as the legal basis for matters relating to extradition, on the basis of reciprocity with those States Parties which likewise have accepted the same.

Further informs consistent with Article 18 (13) that the Competent Authority for the administration of this convention is the Ministry responsible for Home Affairs and Internal Security whose address is given below;

The Principal Secretary
Ministry of Home Affairs and Internal Security
P/Bag 331
Capital Hill,
Lilongwe 3. Malawi.
The Preferred language for Official Communications perforce Article 18 (14) is English language."

## MALAYSIA

"1.   Pursuant to Article 16, paragraph 5 (a) of the Convention, the Government of Malaysia declares that it does not take the Convention as the legal basis for cooperation on extradition with other States Parties to the Convention.  The Government of Malaysia declares that it will render cooperation on extradition on the legal basis provided under the Extradition Act 1992 of Malaysia.

2.   Pursuant to Article 18, paragraph 13 of the Convention, the Government of Malaysia designates the Attorney General of Malaysia as the central authority.

3.   In accordance with Article 18, paragraph 14 of the Convention, the Government of Malaysia declares that requests and attachments thereto addressed to the central authority of Malaysia should be in the English language or a translation into the English language should be attached thereto.

4.   Pursuant to Article 31, paragraph 6 of the Convention, the Government of Malaysia notifies that the authorities that can assist other States Parties in developing measures to prevent transnational organized crime are -
a)   Ministry of Internal Security;
b)   Ministry of Home Affairs;
c)   Attorney General's Chambers;
d)   Royal Malaysian Police;
e)   Anti-Corruption Agency;
f)   Central Bank of Malaysia;
g)   Immigration Department;
h)   National Drugs Agency."

## MALTA

"... the Government of Malta wishes to enter the following declarations:

Article 16, paragraph 5 (a)
Pursuant to Article 16, paragraph 5 of the Convention, Malta declares that it will take the United Nations Convention against Transnational Organized Crime as the legal basis for co-operation on extradition with other States Parties to the Convention.

Article 18, paragraph 13

Pursuant to Article 18, paragraph 13 of the Convention Malta designates the Attorney General of Malta as the central authority to receive requests for mutual assistance.

Article 18, paragraph 14
Pursuant to Article 18, paragraph 14 of the Convention, Malta declares that the acceptable languages are Maltese and English."

## MAURITIUS

"DECLARES that it shall take this Convention as the legal basis for cooperation on extradition with other States Parties to this Convention;

AND FURTHER declares that the central authority designated for the purpose of article [18], paragraph 13 of the aforesaid Convention is the Attorney-General's Office and the languages acceptable to the Republic of Mauritius for the purposes of article [18], paragraph 14 are English and French."

## MEXICO

Article 5 (3) - The United Mexican States wishes to state that in criminalizing the offences defined in accordance with article 5, paragraph 1 (a) (i), the domestic law of the Mexican State covers all serious crimes involving the participation of an organized criminal group. The criminalization of an agreement with one or more other persons to commit a serious crime for a purpose relating directly or indirectly to the obtaining of a financial or other material benefit involves the participation of an organized criminal group in the offence of organized crime provided for in article 2 of the Federal Act to Combat Organized Crime, insofar as it is relevant to the crimes to which the said article refers. The offence of criminal association, provided for in article 164 of the Federal Criminal Code, is applicable insofar as it is relevant to the other serious crimes to which the Convention refers.

Article 16, paragraph 5 (a) - The Mexican State shall consider the Convention as the legal basis of cooperation in extradition matters in respect of those States parties with which it has not concluded treaties in the matter.

Article 18, paragraph 13 - The Office of the Attorney-General of the Republic is designated as the central authority in matters of mutual legal assistance.

Article 18, paragraph 14 - Requests for judicial assistance shall be submitted in the Spanish language. Requests may also be submitted in the language of the requesting State, provided that they are accompanied by a translation into Spanish.

## MONACO

In accordance with article 16, paragraph 5 of the Convention, the Principality of Monaco declares that, in the absence of a bilateral convention on extradition, it considers the United Nations Convention against Transnational Organized Crime to be the legal basis for cooperation on extradition with other States Parties to the Convention.

In accordance with article 18, paragraph 13, the Principality of Monaco declares that it designates the Director of Judicial Services as the authority with the responsibility and power for executing or transmitting requests for mutual legal assistance to the competent authorities.

In accordance with article 18, paragraph 14, the Principality of Monaco declares that the acceptable language is French.

In accordance with article 31, paragraph 6, the Principality of Monaco declares that the Director of Judicial Services is the authority that can assist other States Parties.

## MONTENEGRO

"Name of Authority: Ministry of Justice of Montenegro

Postal address: Vuka Karadzica no. 3, 81000 Podgorica, Montenegro

Telephone/fax: +382 20 407 510

Language: English, French

In urgent matters the requests for international legal assistance may be transmitted and received through NCB INTERPOL".

## MOZAMBIQUE

"Pursuant to :

(a) paragraph 13 of Article 18, the Government of the Republic of Mozambique designates the Minister of Justice as the central authority that shall have the responsibility and power to receive requests for mutual legal assistance to transmit them to the competent authorities for execution.

(b) paragraph 14 of Article 18, Portuguese or English are the acceptable languages to the Government of the Republic of Mozambique. "

## NEPAL

"In accordance with Articles 16 (5), 18 (13) and 18 (14) of the United Nations Convention against Transnational Organized Crime, [the] Government of Nepal hereby notifies that:

a) In accordance with Article 16 (5) of the Convention, this will not be taken as the legal basis for cooperation on extradition.

b) In accordance with Article 18 (13), [the] Central Authority designated to receive requests for Mutual Legal Assistance and either to execute them or to transmit them to the competent authorities for execution will be the Ministry of Home Affairs.

c) In accordance with Article 18 (14), Nepali or English Languages will be acceptable for the purpose of requests related to Mutual Legal Assistance and other related information."

## NETHERLANDS

"With reference to article 16, paragraph 5, under a) of the Convention against Transnational Organized Crime, the Kingdom of the Netherlands, for the Netherlands Antilles, declares that it will take this Convention as the legal basis for cooperation on extradition with other States Parties to this Convention.

In accordance with Article 18, paragraph 13, of the Convention the central authority of the Netherlands Antilles is:

The Procurator-General of the Netherlands Antilles

Wilhelminaplein 4,

Willemstad

Curaçao

Netherlands Antilles

Phone: + 599-9-463-4111

Fax: + 599-9-461-3786

E-mail: parker.pg@caribjustitia.org"

"With reference to Article 16, paragraph 5, under a) of the Convention against Transnational Organized Crime, done at New York on 15 November 2000, the Kingdom of the Netherlands declares that it will take this Convention as the legal basis for cooperation on extradition with other States Parties to this Convention."

"The central authority of the Kingdom of the Netherlands, for the Kingdom in Europe is:

Ministry of Justice

Department of International Legal Assistance in Criminal Matters

P.O. Box 20301

2500, EH The Hague

The Netherlands"

## NEW ZEALAND

".....DECLARES pursuant to Article 18 (13) of the Convention that the Attorney General of New Zealand is designated by the Government of New Zealand as the Central Authority that shall have the responsibility and power to receive requests for mutual legal assistance;

AND DECLARES pursuant to Article 18 (14) of the Convention that English is designated by the Government of New Zealand as the acceptable language in which to make requests for mutual legal assistance."

## NICARAGUA

... in accordance with article 18, paragraph 13, of the United Nations Convention against Transnational Organized Crime, the Government of the Republic of Nicaragua has designated the Office of the Attorney-General of the Republic as the central authority with the responsibility and power to receive requests for mutual legal assistance and either to execute them or to transmit them to the competent authorities for execution.

## NIUE

Article 5(3)

The Terrorism Suppression and Transnational Crimes Act 2006 was enacted on 1 December 2006. The principal object of the Act. at section 2 of the Act, is to implement the United Nations Security Council Resolution [1373 (2001)] and Conventions dealing with terrorism and transnational organised crime, to prevent terrorists from operating in Niue, and to prevent persons in Niue from taking part in terrorist activities or supporting terrorism.

Participation in an organized criminal group has been criminalised in s.35 of the Act as have people trafficking and smuggling in ss. (36-39), the subject of the Annexes II & III to the Convention.

Money Laundering is criminalised under the Proceeds of Crime Act 1998 and the Mutual Assistance in Criminal Matters Act 1998 enables the enforcement of foreign forfeiture/confiscation and pecuniary penalty orders.

In addition, the following legislation implements the Convention (this also includes implementation of the Vienna Convention): Extradition Act 2007; Financial Transactions Reporting Act 2006; Misuse of Drugs Act 2007; Mutual Legal Assistance in Criminal Matters Act 1998; Proceeds of Crimes Act 1998; Terrorism Suppression and Transnational Organised Crimes Act 2006; the United Nations Act 1946 and the United Nations Sanctions (Terrorism Suppression and Afghanistan Measures) Regulations 2004.

Article 16(5)

The Extradition Act 2007 provides for extradition on the basis of a treaty and it will seek to conclude treaties with other States Parties to this Convention in order to implement this Article.

Article 18(13)

Under the Mutual Assistance in Criminal Matters Act 1998, the Attorney General is the central authority that has the responsibility and power to receive requests for mutual legal assistance andeither to execute them or to transmit them to the competent authority for execution.

It is advised that in 2004 the post of Attorney-General was repealed, however pursuant to the Mutual Assistance in Criminal Matters Act 1998 the Attorney-General means the chief legal adviser to the Government of Niue. The Solicitor-General who is head of the Crown Law Office is the chief legal adviser to the Government of Niue and undertakes this role of central authority.

Article 18(14)

The Niue Government confirms that the English language is acceptable for all notifications under this Convention.

Article 31(6)

Mutual Assistance in Criminal Matters:
Solicitor-General
Crown Law Office
P O Box 70, Commercial Centre
Alofi
NIUE
Via New Zealand

Tel: +683 4228
Fax: +683 4206
Web: www.gov.nu

Extradition:
Chief of Police
Niue Police Department
P O Box 69
Utuko. Alofi South
NIUE

Tel: +683 4333
Fax: +683 4324
Web: www.gov.nu."

### NORWAY

"Article 5 of the Palermo Convention has been implemented in Norwegian law through Section 162 c of the Penal Code, which reads as follows:

"Any person who enters into an agreement with another person to commit an act that is punishable by imprisonment for a term of not less than three years, and that is to be committed as a step in the activity of an organized criminal group, shall be liable to imprisonment for a term not exceeding three years unless the offence comes under a more severe penal provision. An increase of the maximum penalty in the case of a repeated offence or a concurrence of felonies is not to be taken into account.

An organized criminal group is here defined as an organized group of three or more persons whose main purpose is to commit an act that is punishable by imprisonment for a term of not less than three years, or whose activity largely consists of committing such acts."

Under Article 5 (3) of the Palermo Convention, States Parties are to inform the Secretary-General when the national legislation implementing Article 5 requires 1) "involvement of an organized criminal group"or 2) that "an act in furtherance of the agreement" has taken place.

1. Section 162 c of the Norwegian Penal Code requires that the "agreement" has some link with the criminal activity of an organized criminal group. The provision only applies to an agreement concerning acts that are committed as "a step in the activity of an organized criminal group". At least one of the Parties to the agreement must be a member of such a group, and the agreement must have been entered into by the group or by an individual representing the group. This is specified in the "travaux préparatoires"of this legislation, cf. Proposition No. 62 (2002-2003) to the Odelsting, pp. 31-32 and 95-96. This condition means that Section 162 c requires the "involvement of an organized criminal group".

2. On the other hand, if "an act in furtherance of the agreement" has taken place, this is not anecessary condition for punishment, cf. Proposition No. 62 (2002-2003) t the Odelsting, p.95.

Communications concerning mutual assistance in criminal matters are to be addressed to the Department of Civil Affairs, Ministry of Justice, as the competent authority in Norway.

Communications concerning legal aid may be made in the Norwegian, Swedish, Danish and English languages.

The Norwegian agency responsible for receiving requests from other States Parties for assistance in developing measures to prevent transnational crime is the Police Department, Ministry of Justice."

### PAKISTAN

"Article 16
The Government of the Islamic Republic of Pakistan declares that pursuant to article 16 paragraph 5, of the Convention, it does not take this Convention as the legal basis for cooperation on extradition with other States Parties.

Article 18
Pursuant to article 18 paragraph 13, the Government of the Islamic Republic of Pakistan designates the Ministry of Interior as a central authority to receive all requests for mutual legal assistance from other States Parties under the Convention. All such requests shall be in English or shall be accompanied by an official translation in English.

Article 31
In accordance with paragraph 6 of article 31, the Government of the Islamic Republic of Pakistan nominates the following authority which can assist other States Parties in preventing transnational organized crime:

Ministry of Interior
Address:
R-Block, Pak Secretariat Islamabad
Telephone: + 92-51-9210086
Fax: + 92-51-9201400
Website: www.interior.gov.pk
Email: info@interior.gov.pk"

### PANAMA

In that connection, I have the honour to inform you that requests to the Republic of Panama for legal assistance pursuant to article 18, paragraph 13, of the Convention must be made through the diplomatic channel.

1. In accordance with article 5 (3) of the aforementioned Convention, the domestic law of the Republic of Panama does not require the involvement of an organized criminal group for purposes of the offences established in accordance with paragraph 1 (a) (i) of the aforementioned article. Similarly, the domestic law of the Republic of Panama requires an act in furtherance of the agreement for purposes of the offences established in accordance with paragraph 1 (a) (i) of the aforementioned article.

2. In accordance with article 16 (5) (a), the Republic of Panama will take the Convention as the legal basis for cooperation on extradition with other States Parties to the Convention.

3. In accordance with article 18 (14), the acceptable languages for requests for judicial assistance addressed to the Republic of Panama are Spanish and English.

4. In accordance with article 31 (6), the authority or authorities that can assist other States Parties in developing measures to prevent transnational organized crime are:

National Police
Address: Corregimiento de Ancón
Telephone: (507) 227-1801, (507) 232-5756, (507) 232-5898      Fax: (507) 5757
Criminal Investigation Department
Address: Edificio Ancón, Avenida Frangipani, frente al Mercado de Abasto
Telephone: (507) 212-2223
Fax: (507) 212-2400
Public Security and National Defence Council

Address: San Felipe, frente a la Presidencia de la República

Telephone: (507) 227-9871

Fax: (507) 225-1355

The Government of the Republic of Panama, in accordance with the provisions of article 18 (13) of the said Convention, designates the State Attorney General as the central authority having the responsibility and power to receive requests for mutual legal assistance and her to execute them or to transmit them to the competent authorities for execution.

### PARAGUAY

Article 16, paragraph 5 (a):

..., in accordance with article 16, paragraph 5 (a) of the Convention, I hereby inform you that the Republic of Paraguay will take the aforementioned Convention as the legal basis for cooperation on extradition with other States Parties to the Convention.

Article 18, paragraph 13:

..., in accordance with article 18, paragraph 13, of the Convention, I hereby notify you that the Republic of Paraguay has designated the following institution as its central authority:

Central authority: Office of the Public Prosecutor

Department responsible: Department of International Affairs and External Legal Assistance

Director: Juan Emilio Oviedo Cabañas, lawyer

Address: Nuestra Señora de la Asunción 737 entre Víctor Haedo y Humaitá

Telephone: 595-21-4155000 extensions 162 and 157; 595-21-4155100; 595-21-454603

e-mail: jeoviedo@ministeriopublico.gov.py

### PERU

*Notification under article 18 (13):*

Central Authority:

Javier Moscoso Flores

Director General of the *Dirección General de Capitanías y Guardacostas, Peru*

Email: jorge.moscoso@dicapi.mil.pe.

### POLAND

Pursuant to article 18, paragraph 13 the Republic of Poland declares that the Ministry of Justice is designated as the central authority competent to receive requests for mutual legal assistance.

The Republic of Poland declares that Polish and English shall be the languages acceptable pursuant to article 18, paragraph 14.

National Prosecutor's Office; Bureau for Organized Crime

Address: ul. Barska 28/30

02-315 Warsaw, Poland

Tel.: 00 48 22 31 89 700

Fax: 00 48 22 31 89 701."

### REPUBLIC OF MOLDOVA

In accordance with paragraph 5 (a) of Article 16 of the Convention, the Republic of Moldova consider the Convention as legal basis for cooperation with other States Parties on extradition.  The Republic of Moldova does not consider the Convention as legal basis for extradition of its own citizens and persons who have been granted political asylum in the country, according to national legislation.

In accordance with paragraph 13 of Article 18 of the Convention, the Republic of Moldova designate the following central authorities responsible for receiving requests of legal assistance:

a) General Prosecutor's Office - during pre-trial investigation;

b) Ministry of Justice - during the trial or execution of punishment.

In accordance with paragraph 14 of Article 18 of the Convention, the acceptable languages for the requests of legal assistance and for appended documents are: Moldovan, English or Russian.

### ROMANIA

"1.  In accordance with Article 16 paragraph 5 (a) of the Convention, Romania considers this Convention as the legal basis for cooperation on extradition with other States Parties to this Convention;

2.  In accordance with Article 18 paragraph 13 of the Convention, the Romanian central authorities designated to receive the requests for mutual legal assistance are:

a) The Prosecutor's Office attached to the Supreme Court of Justice, for the requests for mutual legal assistance formulated in pre-trial investigation (Blvd. Libertatii nr.14, sector 5 Bucuresti, tel. 410 54 35/fax.337 47 54);

b) The Ministry of Justice, for the requests for mutual legal assistance formulated during the trial or execution of punishment, as well as for the requests of extradition (Str. Apollodor nr.17, sector 5 Bucaresti, tel. 3141514/fax. 310 16 62);

3.  In accordance with Article 18 paragraph 14 of the Convention, the requests for mutual legal assistance and the enclosed documents submitted to the Romanian authorities shall be accompanied by translations in the Romanian language or in the French or English languages."

### RUSSIAN FEDERATION

The Russian Federation, in accordance with article 16, para-graph 5 (a) of the Convention, declares that, on the basis of reci-procity, it will take the Convention as the legal basis for coo-peration on extradition with other States Parties to the Convention;

The Russian Federation, on the basis of the last sentence of article 18, paragraph 13 of the Convention declares that, on the basis of reciprocity, and in urgent circumstances, it will receive requests for mutual legal assistance and communications through the International Criminal Police Organization, on condition that documents containing such requests or communications are transmitted without delay under the established procedure;

The Russian Federation, in accordance with article 18, para-graph 14 of the Convention, declares that requests for legal assistance and related materials transmitted to the Russian Fede-ration must be accompanied by a translation into Russian, unless otherwise provided by international treaty of the Russian Federation, or unless agreement has otherwise been reached between the central authority of the Russian Federation and the central authority of the other State Party to the Convention.

"... the central authorities of the Russian Federation with responsibility for ensuring the implementation of the provisions of the Convention relating to mutual legal assistance are: the Ministry of Justice of the Russian Federation (in civil law matters, including civil-law aspects of criminal cases) and the Office of the Public Prosecutor of the Russian Federation (in criminal law matters)."

### SAUDI ARABIA

"The Kingdom of Saudi Arabia is one of the countries whose domestic laws stipulate that an act is to be undertaken in furtherance of the agreement, in order for the act to be criminalized as stated in paragraph 1/a/i of article 5 of the Convention."

### SERBIA

"The Permanent Mission of the Republic of Serbia ... has the honour to notify of the Serbian competent

authorities for the implementation of the Articles 16 (Extradition), 17 (Transfer of Sentenced Persons) and 18 (Mutual Legal Assistance) of the Convention.

The requests shall be addressed to:

Name of Authority: Ministry of Justice of the Republic of Serbia

Full postal address: Ministry of Justice, 22-26 Nemanjina Street, 11000 Belgrade, Republic of Serbia.

Name of Service to be contacted Normative Affairs and International Cooperation Department, Mutual Legal Assistance Sector

Name of Person to be contacted: Mr. Ljubomir Jovanovic, Adviser, Mutual Legal Assistance Sector

Telephone: +381 11 311 14 73; +381 11 311 21 99

Fax: +381 11 311 45 15; +381 11 311 29 09

Office hours: from 08:30 to 16:30

Time zone: GMT 1

Languages: English, Russian.

In urgent matters the requests may be forwarded through NCB INTERPOL-Belgrade:

Contact: INTERPOL BELGRADE

Full postal address: NCB INTERPOL BELGRADE, Terazije 41, 11000 Belgrade, Republic of Serbia

Telephone: +381 11 33 45 254

Fax: +381 11 33 45 822

Office hours: from 08:30 to 16:30

Permanent service until 22:00 hours

Time zone: GMT 1

Languages English, French

Acceptance of requests

through INTERPOL: YES."

### SINGAPORE

"1. Pursuant to Article 16, paragraph 5 (a) of the above mentioned Convention, the Government of the Republic of Singapore declares that it does not take the Convention as the legal basis for cooperation on extradition with other States Parties to the Convention. 2. Pursuant to Article 18, paragraph 13 of the above mentioned Convention, the Government of the Republic of Singapore designates the Attorney-General of Singapore as the central authority for the purposes of mutual legal assistance in accordance with Article 18 of the said Convention. 3. Pursuant to Article 18, paragraph 14 of the above mentioned Convention, the Government of the Republic of Singapore declares that requests and attachments thereto addressed to the central authority of Singapore should be in the English language, or a translation into the English language should be attached thereto."

### SLOVAKIA

"Pursuant to Article 18, paragraph 13 the Slovak Republic designates the following central authorities to receive requests for mutual legal assistance:

(a) The General Prosecutor's Office of the Slovak Republic - in respect of cases of pretrial investigation phase.

(b) The Ministry of Justice of the Slovak Republic - in respect of cases of court proceedings phase.

Pursuant to Article 18, paragraph 14 the acceptable languages for the Slovak Republic for receiving and producing a written records in respect of requests for mutual legal assistance are Slovak, Czech, English and French.

Pursuant to Article 31, paragraph 6 the authority that can assist other States Parties in developing measures to prevent transnational organized crime is the Ministry of Interior of the Slovak Republic."

"The Ministry of Justice of the Slovak Republic is the competent authority under article 18, paragraph 13. In urgent cases, the request may be transmitted through the International Criminal Police Organization (Interpol)."

### SLOVENIA

"Pursuant to Article 16, Paragraph 5 (a) of the Convention, the Republic of Slovenia declares that it will take this Convention as the legal basis for co-operation on extradition with other States Parties to this Convention. In the absence of an international agreement or any other arrangement regulating extradition between the Republic of Slovenia and another State Party to this Convention, the Republic of Slovenia will require documents relating to extradition in compliance with its domestic law.

Pursuant to Article 18, Paragraph 13 of the Convention, the Republic of Slovenia declares that the central authority for the implementation of the Convention shall be the Ministry of Justice of the Republic of Slovenia.

In compliance with Article 18, Paragraph 14 of the Convention, the Republic of Slovenia declares that requests and attachments thereto addressed to the central authority of the Republic of Slovenia should be in the Slovenian language or a translation into Slovenian should be attached thereto. Should it be impossible to provide translation into the Slovenian language, requests and attachments should be in the English language or a translation into English should be enclosed."

### SOUTH AFRICA

"AND WHEREAS the Secretary-General is hereby notified, in accordance with Article 18 (13) of the Convention that the Director-General of the Department of Justice and Constitutional Development has been designated as the central authority to receive requests for mutual legal assistance.

AND WHEREAS the Secretary-General is hereby notified, as provided for in Article 18 (14) of the Convention, that English is the acceptable language for receiving requests for mutual legal assistance."

### SPAIN

The Government of Spain notified the Secretary-General that in accordance with article 18 (13) , the central authority to receive requests for mutual legal assistance is as follows:

"Subdirección General de Cooperación Jurídica Internacional (Ministerio de Justicia) Dirección Calle San Bernardo 62    28015    Madrid Teléfono: 34 91 390 2228 Fax: 34  91 390 44 47."

### ST. LUCIA

"The Government of Saint Lucia declares that pursuant to Article 16, paragraph 5 of the Convention, it does not take the Convention as the legal basis for co-operation on extradition with other state parties.

Pursuant to Article 18, paragraph 13 of the Convention, the Government of Saint Lucia has the honour to inform you that the Central Authority for the purpose of Mutual Legal Assistance is: The Attorney General's Chambers, 2nd Floor, Francis Compton building, Waterfront, Castries, Saint Lucia,West Indies.

Pursuant to Article 18, paragraph 14 of the Convention, the Government of Saint Lucia has the honour to inform you that the language acceptable under the Convention is English.

Pursuant to Article 31, paragraph 6 of the Convention, the government of Saint Lucia has the honour to inform you that the Central Authorities are:

1. The Attorney General's Chambers, 2nd Floor, Francis Compton building, Waterfront, Castries, Saint Lucia, West Indies.

2. The Financial Intelligence Authority, P.O.Box GM959, Gable Woods, Post Office, Sunny Acres, Castries, Saint Lucia, West Indies."

### St. Vincent and the Grenadines

"Pursuant to articles 5(3), 16(5), 18(13), 18 (14) and 31(6), the Government of Saint Vincent and the Grenadines would like to notify the Secretary-General of the following

Article 5 of the above mentioned Convention deals with criminalization of participation in an organized group. Section (3) asked to provide the requisite legislation that deals with serious crimes being committed by organized criminal group. The definition for "serious crime" as identified by the convention means any conduct constituting an offence punishable by a maximum deprivation of liberty of at least four years or a more serious penalty. An "organized criminal group" is defined by the Convention as a structured group of three or more persons, existing for a period of time or acting in concert with the aim of committing one or more serious crimes or offences established in accordance with the Convention, in order to obtain, directly or indirectly, a financial or other material benefits. A "structured group" means a group that is not randomly formed for immediate commission of an offence and that does not need to have formally defined roles for its members, continuity of its membership or a developed structure.

There are several offences under the Criminal Code Cap. 124 of the Laws of Saint Vincent and the Grenadines. Revised Edition 1990 which deals with Offences that is punishable by four years or more. Some of these are Bribery (Police Act), Theft on indictment (section 215 Cap 124), Drug trafficking (Drug (Prevention) and Misuse Act), Extortion (85-93), Sexual exploitation of children (199-207), Prostitution (123-140), Blackmail (232), Forgery and Counterfeiting (239-260), Obtaining property by deception (223), Obtaining services by deception (225), Treason (Section 41), Piracy (Section 50), Murder (Section 159), Genocide (Section 158), Abduction, Kidnapping and similar crimes (Section 199-204), Money Laundering (Proceeds of crime and Money Laundering (Prevention) Act No. 39 of 2001) and Terrorism (United Nations (Anti-Terrorism Measures) Act No. 34 of 2002).

The Criminal Code does not deal with the element of the definition which speaks to these crimes being committed by an organized or structured group.

Article 16 (5) of the above mentioned Convention highlights the legal basis for extradition by state parties under this Convention. International Law permits that state parties to a convention takes the Convention as the legal basis for extradition between the state parties. The Fugitive Offenders Act Cap. 126 of the Laws of Saint Vincent and the Grenadines, Revised Edition 1990, makes new provision for the return from Saint Vincent and the Grenadines or persons found therein who are accused of, or have been convicted of offences in other countries and whose return is requested by such other countries and for matters related thereto.

Article 18(13) seeks notification on the Central Authority designed for the purpose of Mutual Legal Assistance. The Central Authority is the Attorney General's Chambers, Ministry of Legal Affairs, Methodist Building, Corner Granby & Sharpe Streets, Kingstown, Saint Vincent and the Grenadines

Article 18 (14) seeks notification as to the language that is acceptable by the State party. English Language.

Article 31 (6) requires the name and address of the authority or authorities that can assist, state parties in developing measures to prevent transnational organized crime.

(1) The Central Authority is the same as stated above in Article 18(13).

(2) The Financial Intelligence Unit, P.O.Box 1826, Third Floor, Bonadie Building, Kingstown, Saint Vincent."

### Sweden

"Pursuant to Article 18 (13) of the Convention, the central authority in Sweden competent to receive requests for mutual assistance is the Ministry of Justice.

Pursuant to Article 18 (14) of the Convention, a request together with the appendices shall be translated into Swedish, Danish or Norwegian, unless the authority dealing with the application otherwise allows in the individual case."

"The following addition shall be made to the present declaration on Article 18.13: Regarding requests for service of documents under Article 18.13 (b), County Administrative Board of Stockholm is the central authority."

### Switzerland

- The central authority designated by Switzerland to receive requests for mutual legal assistance, in accordance with article 18 (13) of the Convention is:
  The Federal Office of Justice
  CH-3003 Berne

- In accordance with article 18 (14) of the Convention, requests for mutual legal assistance and documents pertaining thereto must be submitted to Switzerland along with an official certified translation into French, German or Italian, should they not have been established in either of these languages.

### The former Yugoslav Republic of Macedonia

"1. The acts determined in Article 5, paragraph 1 (a) (i), of the United Nations Convention against Transnational Organized Crime, represent, according to the Criminal Code of the Republic of Macedonia, a criminal offense in Article 393 conspiracy to commit a crime. According to Article 5, paragraph 3, of the Convention, the Criminal Code of the Republic of Macedonia does not require an act of furtherance of the agreement for the purposes of the offenses established in accordance with Article 5, paragraph 1 (a) (i).

2. In accordance with Article 18, paragraph 13, of the Convention, the Republic of Macedonia states that the central authority for receiving requests for mutual legal assistance shall be the Ministry of Justice of the Republic of Macedonia.

3. In accordance with Article 18, paragraph 14, of the Convention, the Republic of Macedonia states that requests for mutual legal assistance and the documents enclosed that shall be made to the Republic of Macedonia, should be accompanied by translation in Macedonian and English.

4. In accordance with Article 16, paragraph 5, of the Convention, the Republic of Macedonia states that it takes this Convention as the legal basis for cooperation on extradition with other States Parties to this Convention."

### Ukraine

to the paragraph 5 (a) of Article 16:
Ukraine declares that the Convention constitutes the legal ground for cooperation in the matters of extradition if a request for extradition is received from the State Party to the Convention with which there is no treaty on extradition;

to the paragraph 13 of Article 18:
Central authorities in Ukraine, designated in accordance with the paragraph 13 of Article 18, are the Ministry of Justice of Ukraine (with respect to judicial decisions) and the Office of the Prosecutor-General of Ukraine (with respect to legal proceedings during the investigation of criminal cases);

to the paragraph 14 of Article 18:

Requests for legal assistance and documents attached therein will be sent to Ukraine together with their authenticated translation in Ukrainian, Russian, English or French, if they have not been drawn up in one of these languages.

to the paragraph 3 of Article 26:

Provisions of paragraph 3 shall not be applied to the organizer or leader of criminal group in respect of granting immunity from criminal prosecution. In accordance with the legislation of Ukraine (paragraph two of Article 255 of the Criminal Code of Ukraine) the above persons bear      criminal responsibility notwithstanding the grounds provided for in the Article 26 of the Convention.

## UNITED STATES OF AMERICA

"Pursuant to Article 5, paragraph 3, of the Convention, I have the honour to inform you that, in order to establish criminal liability under the United States law with respect to the offense described in Article 5, paragraph 1 (a) (i), the commission of an overt act in furtherance of the agreement is generally required.

Pursuant to Article 16, paragraph 5, of the Convention, I have the honour to inform you that the United States of America will not apply Article 16, paragraph 4.

Pursuant to Article 18, paragraph 13, of the Convention, I have the honour to inform you that the Office of International Affairs, United States Department of Justice, Criminal Division, is designated as the central authority of the United States of America for mutual legal assistance under the Convention.

Pursuant to Article 18, paragraph 14, of the Convention, I have the honour to inform you that requests for mutual legal assistance under the Convention should be made in, or accompanied by, a translation into the English language.

Pursuant to Article 31, paragraph 6, of the Convention, I have the honour to inform you that requests for assistance on developing measures to prevent transnational organized crime should be directed to the United States Department of Justice, Office of Justice Programs, National Institute of Justice."

## UZBEKISTAN

Communication concerning article 5, paragraph 3, of the Convention

The Republic of Uzbekistan communicates hereby that, under the Criminal Code of the Republic of Uzbekistan, offences committed by organized groups or for their benefit are categorized as grave or especially grave offences, depending on their defining elements and on the form of punishment for the separate types of offence.

Communication concerning article 16, paragraph 5, of the Convention

The Republic of Uzbekistan regards this Convention as the legal basis for cooperation on extradition with other States Parties to this Convention. However, this provision shall not preclude the Republic of Uzbekistan from concluding bilateral treaties on extradition with individual States Parties to this Convention.

Notification concerning article 18, paragraphs 13 and 14, of the Convention

Concerning paragraph 13

The Republic of Uzbekistan has designated the Office of the Procurator General of the Republic of Uzbekistan as the central authority with responsibility for receiving requests for mutual legal assistance and either executing them or transmitting them to the competent authorities for execution.

Concerning paragraph 14

The Republic of Uzbekistan designates the Russian language as the language acceptable to it.

## VENEZUELA (BOLIVARIAN REPUBLIC OF)

Pursuant to the provisions of article 5, paragraph 3 of the United Nations Convention against Transnational Organized Crime, the Government of the Bolivarian Republic of Venezuela declares the following:

With respect to national laws governing the offences described in article 5, paragraph 1 (a)(i), Venezuelan law typifies and penalizes such offences under articles 287 to 293 of the current Penal Code referring to the offence of forming an organized criminal group.      Pursuant to article 16, paragraph 5, the Bolivarian Republic of Venezuela declares:

The United Nations Convention against Transnational Organized Crime shall be taken as the legal basis for cooperation on extradition in relations between the Bolivarian Republic of Venezuela and other States Parties to the Convention.

Pursuant to article 18, paragraph 13, the Bolivarian Republic of Venezuela declares:

The central authority that shall have the responsibility and power to receive requests for mutual legal assistance and either to execute them or to transmit them to the competent authorities for execution shall be the Public Prosecutor's Office, in accordance with the powers conferred upon the said institution by the Act for partial reform of the Code of Criminal Procedure.

Pursuant to article 18, paragraph 14, the Bolivarian Republic of Venezuela declares:

Requests for mutual legal assistance in criminal matters made to the Government of the Bolivarian Republic of Venezuela shall be written in Spanish, in accordance with Venezuelan constitutional and legal provisions.

## VIET NAM

"1.   In accordance with paragraph 13 Article 18 of the Convention, the following designated central authorities of the Socialist Republic of Viet Nam have the responsibility and power to receive requests for mutual legal assistance:

-   The Ministry of Justice has the responsibility and power to receive requests for mutual legal assistance in civil matters; the address of the Ministry of Justice is 60 Tran Phu Street, Ba Dinh District, Ha Noi, Viet Nam;

-   The Supreme People's Procuracy has the responsibility and power to receive requests for mutual legal assistance in criminal matters; the address of the Supreme People's Procuracy is 44 Ly Thuong Kiet Street, Ha Noi, Viet Nam;

-   The Ministry of Public Security has the responsibility and power to receive requests for mutual legal assistance in extradition and transfer of sentenced persons; the address of the Ministry of Public Security is 44 Yet Kieu Street, Ha Noi, Viet Nam;

2.   In accordance with paragraph 14 Article 18 of the Convention, Vietnamese and English are the languages acceptable to the Socialist Republic of Viet Nam with respect to requests for mutual legal assistance under the Convention."

## YEMEN

1. The Republic of Yemen does not take this Convention as the legal basis for cooperation with other States Parties to the Convention on the extradition of criminals pursuant to article 16 concerning extradition, because extradition is governed by treaties that regulate cooperation in that field with the States Parties to the Convention. In accordance with article 16, paragraph 5 (a) we are therefore informing you to that effect.

2. In accordance with article 18, paragraphs 13 and 14, the Republic of Yemen stipulates as follows:

(a) Requests for mutual legal assistance or any communications related thereto shall be submitted

through the diplomatic channels, which will transmit them to the relevant central authorities.

(b) Requests for mutual legal assistance shall be submitted in writing, in the Arabic language.

---

**Notes:**

[1]   By a communication received on 3 April 2007, the Government of Argentina notified the Secretary-General of the following:

The Argentine Republic objects to the extension of the territorial application to the United Nations Convention against Transnational Organized Crime of 15 November 2000 with respect to the Malvinas Islands, which was notified by the United Kingdom of Great Britain and Northern Ireland to the Depositary of the Convention on 11 January 2007.

The Argentine Republic reaffirms its sovereignty over the Malvinas Islands, the South Georgia and South Sandwich Islands and the surrounding maritime spaces, which are an integral part of its national territory, and recalls that the General Assembly of the United Nations adopted resolutions 2065 (XX), 3160 (XXVIII), 31/49, 37/9, 38/12, 39/6, 40/21, 41/40, 42/19 and 43/25, which recognize the existence of a dispute over sovereignty and request the Governments of the Argentine Republic and the United Kingdom of Great Britain and Northern Ireland to initiate negotiations with a view to finding the means to resolve peacefully and definitively the pending problems between both countries, including all aspects on the future of the Malvinas Islands, in accordance with the Charter of the United Nations.

[2]   With the following declaration in respect of Hong Kong and Macao:

1.   In accordance with the Basic Law of the Hong Kong Special Administrative Region of the People's Republic of China and after consultation with the Government of the Hong Kong Special Administrative Region ( hereinafter as HKSAR), the application of the Convention to the HKSAR requires prior enactment of domestic legislation by the HKSAR.  To this end, the Convention shall not apply to the HKSAR until the Government of the People's Republic of China notifies otherwise.

2.   In accordance with the Basic Law of the Macao Special Administrative Region of the People's Republic of China and after consultation with the Government of the Macao Special Administrative Region (hereinafter as MSAR), the Government of the People's Republic of China decides that the Convention shall apply to the MSAR and states for the MSAR as follows:

(a)  The identification of the offences established under paragraph l (a) (i) of Article 5 of the Convention requires involvement of an organized crime group in accordance with the domestic law of the MSAR;

(b) In accordance with the provisions of Article 18, paragraph 13 of the Convention, the MSAR designates the Secretary for Administration and Justice of the MSAR as the Central Authority in the MSAR to receive the requests for legal assistance and to transmit them to the competent authorities of the MSAR for execution;

(c) In accordance with the provisions of Article 18, paragraph 14 of the Convention, requests for legal assistance will only be accepted by the MSAR in the Chinese or Portuguese language.

Further, in a communication received on 27 September 2006, the Government of China declared the following:

In accordance with the provisions of Article 153 of the Basic Law ofthe Hong Kong Special Administrative Region of the People's Republic of China, the Government of the People's Republic of China decides that the Convention shall apply to the Hong Kong Special Administrative Region of the People's Republic of China (hereafter referred to as HKSAR).

In accordance with the provisions of paragraph 13 of Article 18 of the Convention and for the application of the Convention to the HKSAR, the HKSAR designates the Secretary for Justice of the Department of Justice of the HKSAR as the Central Authority. (Address:  47/F High Block, Queensway Government Offices, 66 Queensway, Hong Kong).  In accordance with the provisions of paragraph 14 of Article 18 of the Convention, Chinese or English is the only language acceptable to the HKSAR for the written requests for legal assistance.

[3]   With a territorial exclusion in respect of the Faroe Islands and Greenland.

[4]   See note 1 under "Montenegro" in the "Historical Information" section in the front matter of this volume.

[5]   For the Kingdom in Europe.

Further, on 18 January 2007, the Kingom of the Netherlands informed the Secretary-General that the Convention would apply to Aruba with the following :

In accordance with article 18, paragraph 13, of the Convention the central authority of Aruba is:

The Procurator-General of Aruba

Havenstraat 2,

Oranjestad

Aruba

Tel: (297) 582 1415

Fax: (297) 583 8891

om.aruba@setarnet.aw

[6]   With the following territorial exclusion:

".....consistent with the constitutional status of Tokelau and taking into account the commitment of the Government of New Zealand to the development of self-government for Tokelau through an act of self-determination under the Charter of the

United Nations, this ratification shall not extend to Tokelau unless and until a Declaration to this effect is lodged by the Government of New Zealand with the Depositary on the basis of appropriate consultation with that territory....." .

[7]    In a communication received on 18 January 2008, the Government of Spain informed the Secretary-General of the following:

In reference to depositary notification C.N.1130.2007.TREATIES of 10 December 2007 transmitting the notification by the United Kingdom of Great Britain and Northern Ireland on 27 November 2007 of the extension to Gibraltar of the United Nations Convention against Transnational Organized Crime, adopted on 15 November 2000, the Kingdom of Spain wishes to make the following declaration:

1. Gibraltar is a Non-Self-Governing Territory for whose international relations the Government of the United Kingdom is responsible and which is subject to a process of decolonization in accordance with the relevant decisions and resolutions of the General Assembly.

2. The Gibraltarian authorities are local in character, and exercise competences exclusively over internal affairs that originate in and are based on the powers allocated to and conferred on them by the United Kingdom, in accordance with its domestic legislation and in its capacity as the sovereign State upon which depends the said Non-Self-Governing Territory.

3. Consequently, any involvement by the Gibraltarian authorities in the implementation of this Convention shall be understood to take place exclusively within the framework of the internal affairs of Gibraltar and shall not be considered to affect in any way the content of the two preceding paragraphs.

7 February 2008

See C.N.180.2008.TREATIES-4 of 17 March 2008 transmitting a communication received by the Secretary-General from the Government of Spain relating to Gibraltar.

[8]    On 20 October 2015, the Government of Ukraine made a communication. The text can be found here: C.N.600.2015.TREATIES-XVIII-12 of 20 October 2015.

[9]    On 11 January 2007: In respect of the Falkland Islands (Malvinas).

On 27 November 2007: In respect of Gibraltar.

On 17 May 2012, the Government of the United Kingdom of Great Britain and Northern Ireland notified the Secretary-General that the Convention would extend to the territories of the Cayman Islands and the British Virgin Islands as follows:

"… The Government of the United Kingdom of Great Britain and Northern Ireland wishes the United Kingdom's ratification of the [Convention against Transnational Organized Crime] to be extended to the following territories for whose international relations the United Kingdom is responsible:

Cayman Islands

British Virgin Islands

The Government of the United Kingdom of Great Britain and Northern Ireland considers the extension of the aforesaid Convention to the Cayman Islands and the British Virgin Islands to enter into force on the thirtieth day after the deposit of this notification."

On 1 June 2012, the Government of the United Kingdom of Great Britain and Northern Ireland notified the Secretary-General that the Convention would extend to the territory of the Isle of Man as follows:

"… the Government of the United Kingdom of Great Britain and Northern Ireland wishes the United Kingdom's Ratification of the of the [United Nations Convention Against Transnational Organized Crime] to be extended to the territory of the Isle of Man for whose international relations the United Kingdom is responsible.

The Government of the United Kingdom of Great Britain and Northern Ireland considers the extension of the aforesaid Convention to the Isle of Man to enter into force on the thirtieth day after the deposit of this notification..."

On 5 August 2014, the Government of the United Kingdom of GreatBritain and Northern Ireland notified the Secretary-General that the Convention would extend to the territory of Bermuda as follows:

"…the Government of the United Kingdom of Great Britain and Northern Ireland wishes the United Kingdom's Ratification of the Convention be extended to the territory of Bermuda for whose international relations the United Kingdom is responsible.

The Government of the United Kingdom of Great Britain and Northern Ireland considers the extension of the Convention to the territory of Bermuda to enter into force on the date of receipt of this notification…"

On 17 December 2014, the Government of the United Kingdom of Great Britain and Northern Ireland notified the Secretary-General that the Convention would extend to the territories of the Bailiwick of Jersey and the Bailiwick of Guernsey as follows:

"… the Government of the United Kingdom of Great Britain and Northern Ireland wishes the United Kingdom's ratification of the Convention be extended to the following territories:

the Bailiwick of Jersey

the Bailiwick of Guernsey

for whose international relations the United Kingdom is responsible.

The Government of the United Kingdom of Great Britain and Northern Ireland considers the extension of the Convention to the Bailiwick of Jersey and the Bailiwick of Guernsey to enter into force on the date that this notification is received by [the depositary]…"

On 31 July 2015, the Government of the United Kingdom of Great Britain and Northern Ireland notified the Secretary-General that the Convention would extend to the territories of Anguilla and the Turks and Caicos Islands as follows:

"… the Government of the United Kingdom of Great Britain and Northern Ireland wishes the United Kingdom's ratification of the Convention shallbe extended to the following territories for whose international relations the United Kingdom is responsible:

Anguilla

the Turks and Caicos Islands

The Government of the United Kingdom of Great Britain and Northern Ireland considers the extension of the Convention to the territories of Anguilla and the Turks and Caicos Islands to enter into force on the date that this notification is received by [the depositary]…"

10   In a communication received in 17 September 2012, the Government of the Union Myanmar notified the Secretary-General of the withdrawal of the following reservation made upon accession to the Convention:

"The Government of the Union of Myanmar wishes to express reservations on Article 16 relating to extradition and does not consider itself bound by the same.

11   By 14 January 2005, i.e., within a period of one year from the date of depositary notification C.N.1593.2003.TREATIES-41 of 14 January 2004, no objection had been notified to the Secretary-General. Consequently, in keeping with the depositary practice followed in similar cases, the Secretary-General proposes to receive the reservation in question for deposit.